**UNITED STATES of America**
v.
**David Harry ZASADNI.**
**Crim. No. 62-41.**

United States District Court
W. D. Pennsylvania.
June 29, 1962.

David Hill, Robert E. Tucker, Asst. U. S. Attys., Pittsburgh, Pa., for United States.

Michael Hahalyak, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

On February 15, 1962, the defendant was indicted for violating the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 462(a) by failing to report for assignment to civilian work as ordered by Local Board No. 67 at Uniontown, Pennsylvania. The defendant did not report but contends that he has not been properly classified, has not been afforded due process, and, therefore, should be acquitted. We disagree.

In answering a classification questionnaire in July of 1957, the defendant claimed to be a minister of Jehovah's Witnesses; another answer disclosed that he was working as a construction laborer and expected to so work indefinitely. The Local Board classified him I–O. He was granted a personal appearance and presented a written summary to support his ministerial claim. There was no evidence submitted that he was an ordained pioneer minister of Jehovah's Witnesses. At the hearing the Board determined that he was not a pioneer minister as of October 21, 1957 (Ex. 7).[1] With sufficient basis in fact, the Board continued defendant's I–O classification and refused to classify him IV–D. On appeal, the Appeal Board classified him I–O. When ordered to take a physical examination, the defendant moved to Vermont and later to Canada, as an immigrant, where

1. The Board's conclusion was later corroborated by the defendant's letter of November 17, 1958 (Ex. 18) and a letter from the Watchtower Bible and Tract Society of New York, Inc., dated August 5, 1960 (Ex. 38).

he married. Upon his return to the United States, he was given a physical examination in August, 1959, and was found acceptable.

Beginning on September 3, 1959, four forms were mailed to defendant, none of which were returned. A fifth form was mailed on June 3, 1960, and was returned ten days late. On July 1, 1960, SSS Form No. 152 was returned by defendant on which he indicated that his second choice of civilian work was with the Pennsylvania Association for the Blind for whom he was then working.[2] His position with the Pennsylvania Association for the Blind was found acceptable for civilian work, and his employer agreed to participate in the civilian work program. On September 16, 1960, an order issued requiring him to perform civilian work with the Pennsylvania Association for the Blind. On the same day defendant quit his job with that organization and on September 19, 1960, went to work for Sears Roebuck and Company (Ex. 53).

In his questionnaire of 1957, and subsequently, defendant has maintained that he was a minister of religion and entitled to classification IV–D rather than I–O. On November 17, 1958, while in Canada, the defendant wrote to the Board stating that he was still in the active ministry as one of Jehovah's Witnesses and had been serving as a pioneer for the Watchtower Bible and Tract Society of New York, Inc. "since the beginning of March, 1958" (Ex. 18). He again wrote to the Board on July 5, 1959, after his return to the United States, stating that he was still in the full-time ministry and wished to inform the Board of that fact (Ex. 26). In neither letter did he request the Local Board to reopen and consider anew his classification. See: Regulation § 1625.2, Title 32 C.F.R. (1961 supp.).

■ By letter dated October 1, 1960 (Ex. 49), defendant asserted that the ministry was his vocation and that he was an ordained minister for the Watchtower Bible and Tract Society of New York, Inc.; that he had left the employ of the Pennsylvania Association for the Blind and had found another job and that his classification should be IV–D instead of I–O "due to my qualifications". In this letter he demanded that the Board reopen his classification and reconsider new evidence in his behalf as a minister. However, this request was not accompanied by written information presenting facts not considered when the registrant was classified as required by Regulation § 1625.2, supra. The letter tended to refute the fact that he was a full-time minister, for it disclosed that he was engaged in secular work—the same status previously disclosed in the questionnaire and at the personal appearance hearing of 1957. In addition the Board had previously received a letter dated August 5, 1960 (Ex. 38) from the Watchtower Bible and Tract Society of New York, Inc., which stated:

"We have checked our records in this office and cannot now locate him [defendant] among the pioneer ministers. He was in that branch of the work for a period but had to leave it on November 1, 1958. We do not know what he is presently doing or what congregation he is associated with."

This letter tended to refute defendant's prior assertions that he was in the full-time ministry. Moreover, the bare assertion that a registrant is a minister does not entitle him to a reopening of his classification. Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59 (1947); United States v. Mohammed, 288 F.2d 236 (7th Cir., 1961). Since the ministerial exemption is a matter of legislative grace, a Selective Service registrant bears the burden of clearly establishing a right to the exemption. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953);

2. His first choice seemed to be a minister for the Watchtower Bible and Tract Society of New York, Inc., which work is not acceptable civilian work for conscientious objectors.

Regulation § 1622.1(c), Title 32 C.F.R. (1949 ed.).

██ The question of jurisdiction of the Local Board is reached only if there is no basis in fact for the classification it gave the defendant, Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567 (1946); the classification can be overturned only if it has no basis in fact, Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 99 L.Ed. 428 (1955). Even if the defendant had been classified as a full-time pioneer minister, that classification by itself would not have entitled him to ministerial exemption. Cox v. United States, supra.

██ This court does not sit as a super draft board. Witmer v. United States, supra, 348 U.S. at p. 380, 75 S.Ct. at p. 395. Upon the record contained in the file there was a factual basis for the Local Board to classify and continue defendant I–O and refuse to classify him IV–D.

██ It is also necessary that the court determine whether the defendant has been afforded due process of law. There must be a "fair and just" compliance with the provisions of the Act and the applicable regulations. 50 U.S.C.A.Appendix, § 451(c); United States v. Zieber, 161 F.2d 90 (3d Cir., 1947); United States v. Stiles, 169 F.2d 455 (3d Cir., 1948).

██ In our opinion, up to April 3, 1961, the registrant was not entitled to have his classification reopened and considered anew since he had not complied with Regulation § 1625.2, supra.[3]

On April 3, 1961, a meeting was held, attended by the defendant, the Local Board, and a representative of the State Director of Selective Service, in an effort to determine the type of civilian work which the defendant would agree to perform. No agreement was reached at this meeting. It can be gathered from the file that at this meeting the Board agreed to reopen and consider anew defendant's classification within 30 to 60 days (Ex. 80) provided that he would submit further information within a week (Exs. 70, 85(b)). Defendant did not submit any further information in writing within the week nor at any other time prior to his indictment.[4]

Regulation § 1625.2, supra, provides:

"The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification * * *."

Regulation No. 1625.4, Title 32 C.F.R. (1949 ed.) provides:

"When a registrant * * * files with the local board a written request to reopen and consider anew the registrant's classification and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified or, even if new facts are presented, the local

3. United States v. Underwood, E.D.Pa., 1955, 151 F.Supp. 874, relied on by defendant, is not apposite. There the registrant, after being ordered to report for induction, for the *first* time claimed to be a conscientious objector. The registrant requested a hearing under Regulation § 1625.2, supra, which the Board erroneously denied. Here, the defendant in his 1957 questionnaire claimed to be a minister, and after being classified I-O, he was granted a personal appearance hearing and an appeal as required by Regulations §§ 1624.1, 1624.2, Title 32 C.F.R. (1961 supp.) (Exs. 3, 4, 7, 8, 11).

4. Prior to indictment defendant wrote three letters to the Local Board, after April 3, 1961 (Exs. 69, 71, 80). No written information presenting new facts accompanied any of these letters.

board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not open the registrant's classification. * * *"

On July 10, 1961, SSS Form No. 153 was issued notifying defendant that he was assigned to hospital work at Norristown State Hospital and ordered him to report to Local Board No. 67 on July 20, 1961, where he would be given instructions to proceed to the place of employment. The defendant failed to report to the Local Board or to the Norristown State Hospital. Thereafter, defendant's file was referred to the State Director and reviewed at National Headquarters. Those authorities "determined that no administrative action regarding his classification is warranted." (Ex. 87). Defendant was so notified of this decision (Ex. 88). This prosecution followed.

After indictment, in a letter dated February 20, 1962, defendant enclosed four affidavits, three of them dated in October, 1960 (the fourth being undated), purporting to be evidence that he was a minister and entitled to a IV–D classification.

It seems certain that despite Regulation § 1625.2, supra, and despite the Board's instructions on April 3, 1961 to submit further information within a week as a condition for a hearing to reopen and reconsider, the defendant deliberately withheld his four affidavits (assuming that he had them in his possession) and insisted on a hearing regardless of the regulation and the Board's instructions.

This defendant is not entitled to special privileges not granted to other registrants. The Board had a right to require defendant to comply with a valid regulation designed to eliminate useless and time-taking hearings. Regulation § 1625.2, supra, is a reasonable administrative provision and is valid. United States v. Monroe, 150 F.Supp. 785, 788 (S.D.Cal.1957).

This is not a case of prosecuting an ignorant registrant for failing to comply with technical procedural requirements. The defendant had been told what to do. After the Board notified defendant that he had not submitted further information within one week and that he was being processed for civilian work (Ex. 70), he did not attempt to excuse the omission, he did not submit the four affidavits, he did not even inform the Board that he had them, but insisted upon a hearing without compliance (Exs. 69, 71, 80). It seems clear that defendant was trying again to delay his induction.

Defendant has not been denied due process. The order to report for civilian work was valid. He knowingly failed to obey the order. We find the defendant guilty as charged.