UNITED STATES of America,
Appellee,

v.

Harold William DYER, Jr., Appellant.

No. 11797.

United States Court of Appeals
Fourth Circuit.

Submitted Jan. 9, 1968.

Decided Feb. 1, 1968.

Michael Hahalyak, Pittsburgh, Pa., on brief for appellant.

John H. Kamlowsky, U. S. Atty., George R. Triplett and John Marshall, III, Asst. U. S. Attys., on brief for appellee.

Before SOBELOFF and BOREMAN, Circuit Judges, and KELLAM, District Judge.

SOBELOFF, Circuit Judge:

When Harold William Dyer failed to report to his local Draft Board for assignment to perform civilian work pursuant to his I-O classification, he was indicted and convicted for violating the Universal Military Training and Service Act of 1948, 50 U.S.C.A. App. § 462(a) and sentenced to a three year prison term. It is Dyer's contention on this appeal, that the Board deprived him of his procedural rights by refusing to permit an appeal of his classification to the Draft Appeal Board. He therefore asks that his conviction be set aside.

■ The right of any registrant to a review of his draft classification by a Draft Appeal Board is absolute, United States v. Olkowski, 248 F.Supp. 660 (W. D.Wis.1965), and the procedure for effectuating this appeal is clearly delineated in the Selective Service Regulations, 32 C.F.R. § 1625, et seq. Briefly stated, the regulations require that the registrant inform his local Board of his intention to appeal within ten days after the Board has mailed his Notice of Classification, 32 C.F.R. § 1626.2. He must similarly notify his Board of an intent to appeal any classification awarded pursuant to a reconsideration of his file, 32 C.F.R. §§ 1625.11, 1625.12 and 1625.13. It does not appear that Dyer has complied with these requirements.

Upon the expiration of his I-S(H) high school deferment, Dyer was promptly reclassified I-A and ordered to report for a physical examination. On September 26, 1965, approximately three weeks after he received his new classification, the registrant wrote the Board, "I appeal I-A classification for the reason that I am one

of Jehovah's Witnesses and cannot conscientiously enter military service." A full hearing was then conducted on the single issue raised by Dyer, the validity of his claim to conscientious objector status. His request was granted and he was reclassified I-O, the most favorable classification to which he was entitled. Not satisfied, Dyer notified his Board on March 2, " * * * you are under a gross misunderstanding. * * * I feel wholeheartedly that I deserve a minister's classification of 4-D. On request I will submit proof of my ordination and ministry activity. This is an 'appeal' that you will sincerely consider my feelings regarding this." (Spelling corrected.) Following another hearing, Dyer was denied a ministerial exemption and was again classified I-O.

While no apparent effort was made to appeal after the Draft Board's final determination, Dyer insists that his statement "[t]his is an 'appeal' " found in his letter of March 2 fulfills the notice of appeal requirements of Selective Service Regulation § 1626.11.[1] We disagree.

Since the letter represents Dyer's initial request for a ministerial exemption, his right to a 4-D classification obviously had never been considered by the Board. In fact, it was not until a hearing was conducted on March 28 that any evidence was presented to support his claim. Until a decision was made either granting or denying the request, there was nothing for the registrant to appeal. Moreover, Dyer admitted on cross-examination that he did not intend that his classification be referred to the Appeal Board, and that he merely sought to have his status reconsidered. The Notice of Classification mailed after the hearing informed the registrant that he had been reclassified I-O and clearly advised him of his right to appeal this new classifica-

tion within ten days. By failing to appeal within the requisite time, he has waived his right.

The judgment of the District Court is Affirmed.

---

1. Dyer argues that his request for an appeal contained in his letter of September 26, 1965 was also improperly denied. The only claim made in that letter was for a conscientious objector status and since this was subsequently granted by the Board there was no need for an appeal. No claim to ministerial status could have been asserted by Dyer at that time since, according to the evidence submitted at the March 28 hearing, he was not then a duly ordained minister of his church.