**Octavio J. NEVÁREZ BENGOECHEA,
Plaintiff,**

**v.**

**Lt. Col. Harry P. MICHELI, C. O. Armed Forces Examining and Entrance Station, Fort Buchanan, San Juan, P. R., Defendant.**

**Civ. No. 445-68.**

United States District Court
D. Puerto Rico.

Feb. 4, 1969.

Jose A. Suro, Santurce, P. R., for plaintiff.

Blas Herrero, Asst. U. S. Atty., San Juan, P. R., for defendant.

**ORDER**

FERNANDEZ-BADILLO, District Judge.

Petitioner, Octavio J. Nevárez Bengoechea, seeks a writ of habeas corpus claiming as unlawful his induction into the Armed Forces of the United States because he was not furnished with copies of adversed statements of the State Director of the Selective Service which were made part of the record before the Appeal Board for this area. The allegations of the petition have the cumulative effect of raising serious violations of his basic rights guaranteed by the Constitution. The events leading to Nevárez' induction which are of import here may be summarized as follows:

a) On March 5, 1968, Local Board Number 58 of San Juan, acting on a

petition filed with it by Nevárez, reclassified him as II–A by virtue of his occupation as an airline pilot.

b) On March 7, 1968 the State Director of the Selective Service System in Puerto Rico filed with the Selective Service Appeal Board for this area a Notice of Appeal of the deferment and classification given to Petitioner by Local Board Number 58. On that same date the Local Board notified Petitioner, by mail, of the Appeal and forwarded his file to the Appeal Board.

c) Petitioner's file, in addition to the usual and customary records of the registrant, contained two letters addressed to the Board by the State Director on October 11, 1967 and on March 1, 1968. The first letter informed the Board that the occupation of airline pilot was not considered critical by the United States Labor and Commerce Departments. In the letter of March 1, 1968 the State Director reiterated that the occupation of airline pilot was not critical and substantiated his statement with a newspaper clipping attached to the letter. The clipping contained an article in one of the local newspapers about lay-offs of a number of pilots by Caribbean Atlantic Airline.

d) On March 12, 1968, only five days after the Notice of Appeal was filed by the State Director, the Appeal Board reversed the classification and deferment given to plaintiff by Local Board Number 58. It appears from the minutes of the meeting held by the Appeal Board that the sole reason for reversing the classification and deferment made by Local Board Number 58 was the information contained in the letter and newspaper clipping sent on March 1, 1968 by the State Director to the Local Board.

e) Petitioner never had an opportunity to contest before the Appeal Board the statements made by the State Director of the Selective Service in his two letters to Local Board Number 58, since he did not become aware of their existence until after the decision of the Appeal Board was rendered when his attorney inspected his Selective Service file.

■■ On the basis of the aforestated facts, let us examine the applicable legal principles. Draft board proceedings are quasi-judicial and as such must conform to basic principles of due process of law. Gibson v. Reynolds, C.A.8th Ark., 172 F. 2d 95, cert. den. 337 U.S. 925, 69 S.Ct. 1170, 93 L.Ed. 1733. As to the right of Petitioner to be informed of adverse statements included as part of this record, the case of Gonzáles v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467 (1955) is controlling. Gonzáles, an alleged conscientious objector, was not served with a copy of a recommendation made by the Department of Justice to the Appeal Board before the latter adversely decided his petition for exemption from service in the armed forces. The regulations governing proceedings in conscientious objector cases, as in the instant case, are silent as to the right of the registrant to be served with a copy of the recommendations made to the Appeal Board by the Department of Justice. In giving the conscientious objector the right to receive notice of adverse statements made part of his file, the Supreme Court said at pages 411–412, 75 S.Ct. at page 411:

"Petitioner contends that his classification is invalid because he was not furnished a copy of the Justice Department's recommendation to the Appeal Board and accorded an opportunity to reply thereto. Section 6(j) of the Universal Military Training and Service Act, outlining the procedure in conscientious objector cases, is silent on this question. But a similar silence was not held to be a considered rejection of the right of a registrant to be supplied with a fair résumé of adverse evidence in the FBI reports, United States v. Nugent, 346 U.S. 1 (1953) [73 S.Ct. 991, 97 L.Ed. 1417]; Simmons v. United States [348 U.S. 397, 99 L.Ed. 453, 75 S.Ct. 397] and we believe it also to be implicit in the Act and Regulations—viewed against our

underlying concepts of procedural regularity and basic fair play—that a copy of the recommendation of the Department be furnished the registrant at the time it is forwarded to the Appeal Board, and that he be afforded an opportunity to reply."

The right of the registrant does not end with being furnished with notice of adverse statements but includes the opportunity to rebut them before the Appeal Board decides his case. The following is the language used by the Court at page 412 of 348 U.S., at page 412 of 75 S.Ct. of the Gonzáles case:

"It is true that the recommendation of the Department is advisory. 50 U.S.C. App. § 456(j). Indeed, this very consideration led us in United States v. Nugent (S) supra, to allow considerable latitude in the auxiliary hearing which culminated in the Department's report. A natural corollary of this, however, is that a registrant be given an opportunity to rebut this recommendation when it comes to the Appeal Board, the agency with the ultimate responsibility for classification."

Defendant claims that the Gonzáles case is inapplicable[1] inasmuch as said case refers only to the totally different and unique investigative procedure provided for conscientious objectors cases,[2] but the principles involved in the concepts of fair hearing, procedural regularity and basic fair play which the Supreme Court applied in Gonzáles are so outstanding that they have general application to all cases with analogous situations. The letters addressed to the Local Board by the State Director of the Selective Service System were instructions or recommendations to that Board which are advisory only.[3] These recommendations were discarded by the Local Board—which based registrants' classification on other reasons—but they were brought before the Appeal Board which considered them summarily and as a matter of fact based its reversal decision on the information contained in one of those letters—unknown to plaintiff—without the registrant having occasion to rebut it. A natural corollary of bringing the State Director recommendations to the attention of the Appeal Board was that the registrant be given an opportunity to rebut them. A five-days interval until the decision of the Appeal Board was rendered, without plaintiff having been meanwhile furnished with copies of said letters, is not an adequate opportunity for a regular procedure and a basic fair play.

Applying these principles to the instant case, we must hold that the proceedings before the Appeal Board do not meet the standards set by the Gonzáles case. The basic concept of fair play inherently present in the Act and Regulations requires that copy of the statements made by the Director be furnished to Petitioner in order for him to have the opportunity to rebut them. This lacking in the proceedings before the Appeal Board, his reclassification as I–A and his subsequent induction into the Armed Forces were illegal. Consequently, the writ of habeas corpus is granted and Petitioner is ordered released forthwith from the Armed Forces of the United States and from the custody of Respondent Lt. Col. Harry P. Micheli, C.O. Armed Forces Examining and Entrance Station, Fort Buchanan, San Juan, Puerto Rico. The case is remanded to the Appeal Board and Petitioner shall be furnished copies of the letters of the State Director of the Selective Service which

1. Defendant's Brief of December 18, 1968, page 2.

2. This procedure was provided for in Section 6(j) of the Universal Military Training and Service Act, 50 U.S.C. App. § 456 (j), and in the Selective Service Regulations, 32 CFR 1626.24(3), (4) and 1626.-25; but it was eliminated on July 1, 1967 by the Military Selective Service Act of 1967, P.L. 90–40, § 1(7), 81 Stat. 100.

3. Omer and Denny, Legal Aspects of Selective Service, 1969 edition, U.S. Government Printing Office, Washington, D. C., p. 3.

were made part of his appeal record. After Petitioner is given a reasonable period of time to file a reply to the letters, the appeal filed by the State Director shall be considered and decided by the Appeal Board. It is so ordered.