**UNITED STATES of America**

v.

**Bernard GRUNDY, Appellant.**

**No. 16905.**

United States Court of Appeals Third Circuit.

Submitted on Briefs May 21, 1968.

Decided July 29, 1968.

Elizabeth Langford Green, Asst. Defender, Philadelphia, Pa., for appellant.

Don Allen Resnikoff, Asst. U. S. Atty., District of New Jersey, Newark, N. J., David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief, for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

Following a jury trial, Bernard Grundy was found guilty on an indictment charging him with violation of the Universal Military Training Act[1] in failing to comply with his draft board's order to report for induction into the armed forces of the United States. The trial court imposed a 5-year prison sentence and Grundy filed the instant appeal.

Grundy's Selective Service "jacket" was introduced into evidence in the course of the testimony of the clerk of his draft board, Mrs. Agnes Kehoe. It disclosed, in relevant part, these facts:

Grundy, then 18 years of age, registered for the draft on November 23, 1962. In a "Classification Questionnaire" which he completed and filed on May 19, 1964, he claimed he was a con-

[1]. Title 50 U.S.C.A. App. Section 462(a).

scientious objector and requested that he be furnished with a "Special Form for Conscientious Objector". The Form was sent to him on June 16, 1964 and when he advised the draft board that he had not received it he was sent a duplicate form which he completed and filed July 8, 1964. He claimed therein that he conscientiously objected to any form of military service, combatant or otherwise, "by reason of my religious training and belief".

Grundy was given a 1–A classification by his draft board on August 5, 1964, and a "Classification Card" was mailed to him on August 11, 1964 advising him of this classification and his right to appeal from it within 10 days. Grundy never filed an appeal.

Nine months later, on May 11, 1965, the draft board sent him a "Current Information Questionnaire". He never filed it even though the board sent him a second notice on May 25, 1965 requesting that he do so.

On June 8, 1965 the board sent Grundy an "Order to Report For Armed Forces Physical Examination" on June 29, 1965, but he failed to appear. On July 21, 1965, the board declared him "delinquent" and sent him a "Delinquency Notice" the following day, which advised him that he had been declared "delinquent" by reason of the fact that he had "failed to report for physical examination on June 29, 1965". In this "Notice" Grundy was "directed to report to this local board immediately, either in person or by mail" and advised that his failure to comply would constitute a violation of the Universal Military Training and Service Act punishable by imprisonment "for as much as 5 years or a fine of as much as $10,000, or both".

When Grundy failed to reply, the board, on July 23, 1965 mailed him an "Order to Report For Induction" on August 9, 1965. This Order stated "Delinquent—For Immediate Induction".

Grundy failed to report for induction on August 9, 1965 and he was indicted some five months later on January 26, 1966. He entered a plea of "not guilty" on February 10, 1966; court-appointed counsel was then assigned to represent him and his case came to trial more than a year later on March 22, 1967.

Mrs. Kehoe was the government's sole witness.

Grundy testified in his own defense and called no other witness. He said that he had not appealed his 1–A classification because the 10-day period for appeal had expired when it first came to his attention some 20 days after he returned from an out-of-town visit. He said that he subsequently did not advise the board of the circumstance of his absence from the city when the classification notice was received at his home, or of his desire to appeal. He also admitted, after he had earlier testified to the contrary that he had received the board's notice to appear for a physical examination and had not complied with it. He admitted, too, that he had received his induction notice and had failed to comply with it.

On this appeal Grundy's counsel, a member of the [Public] Defenders Association of Philadelphia, contends that the trial judge erred "in showing a degree of prejudice toward the defendant that could scarcely have failed to influence the jury's verdict and move the judge to impose an unduly severe sentence", and further requests this Court to remand the case for "evidentiary hearings on issues of fact personally raised by the appellant which are incapable of being decided by the appellate court", referred to in a letter addressed by Grundy to his present counsel. The critical substance of the stated "issues of fact" relate to Grundy's complaint that he was inadequately represented at his trial by his trial court-appointed counsel.

On review of the record we are of the opinion that there is no basis for either of the above stated contentions.

The record does not disclose "undue participation" by the trial judge in the interrogation of either Mrs. Kehoe

or Grundy, nor does it indicate any prejudicial attitude on the part of the trial judge.

In United States v. Kelly, 3 Cir., 329 F.2d 314 (1964), where a similar contention was advanced by the appellant we said at page 315:

> "As to undue participation by a judge in the interrogation of witnesses, 'The test is not the number of questions which the trial court asks'. United States v. DeFillo, 257 F.2d 835, 839 (2 Cir. 1958). The test is whether, because of such questioning, the defendant was prejudiced. United States v. Stayback, 212 F.2d 313, 320 (3 Cir. 1954)".

The trial judge's questions, insofar as Grundy was concerned, were well within the normal confines of permissible judicial participation in the trial, and gave no indication of prejudicial motivation.

On the latter score, it must be observed that the trial judge, in his charge to the jury, expressly instructed it that it was not to "assume that I hold any opinion on the matters to which my questions related".

It should also be noted that at no point in the trial was there any objection taken to any of the questions addressed to either Mrs. Kehoe or Grundy by the trial judge.

■ With respect to Grundy's contention that he was inadequately represented by his trial counsel it need only be said that the record discloses the contrary to be true.

This, too, must be said.

■ Grundy, in his letter attached to his counsel's brief, challenges the validity of his 1–A classification by his draft board. This challenge cannot be entertained in view of Grundy's failure to appeal his 1–A classification.

It is settled that failure to appeal from a 1–A classification by a draft board constitutes a waiver of a defendant's right to challenge the validity of his classification in his criminal prosecution for failure to submit to induction.

United States v. Kurki, 384 F.2d 905, 907 (7 Cir. 1967), cert. den. 390 U.S. 926, 88 S.Ct. 861, 19 L.Ed.2d 987 (1968); Noland v. United States, 380 F.2d 1016, 1017 (10 Cir. 1967), cert. den. 389 U.S. 945, 88 S.Ct. 308, 19 L. Ed.2d 299.

For the reasons stated the judgment of sentence of the District Court will be affirmed.