**UNITED STATES of America,
Appellee,**

v.

**David Ray CROWLEY, Appellant.
No. 12281.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 29, 1968.

Decided Dec. 19, 1968.

Certiorari Denied March 10, 1969.
See 89 S.Ct. 1011.

Robert G. Cabell, Jr., Richmond, Va. (White, Roberts, Cabell & Paris, Richmond, Va., on the brief) for appellant.

Michael Morchower, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on the brief) for appellee.

Before SOBELOFF, BRYAN and WINTER, Circuit Judges.

SOBELOFF, Circuit Judge:

This is a Selective Service appeal by a member of the Jehovah's Witnesses.

On October 5, 1966, the local draft board classified appellant David Ray Crowley as a conscientious objector. He did not appeal this classification, nor did he request a personal appearance before the board. After the required physical examination, in which he was found acceptable, the board advised him that he would be directed to report for civilian work in lieu of induction into the armed forces. A form was sent him upon which he was requested to indicate the type of civilian work he was qualified to do. He returned the form blank, along with a letter expressing his intention to refuse any type of civilian work because of his beliefs. In March, 1967, a list of three types of available work was furnished Crowley and he was asked to make a choice, and again he refused to accept any type of civilian work.

Shortly thereafter, on April 21, 1967, the local board and a representative of the State Director of Selective Service met with appellant, in compliance with 32 C.F.R. § 1660.20(c)[1] for the purpose

---

1. 32 C.F.R. § 1660.20(c) provides:

(c) If the local board and the registrant are unable to agree upon a type of civilian work which should be performed in lieu of induction, the State Director of Selective Service for the State

of attempting to reach an agreement as to the type of civilian work he would perform. At this meeting appellant once more declared that he would decline any kind of civilian work. After Crowley left the meeting, the local board selected highway work with the Virginia Department of Highways as appropriate civilian work for him, and the Director of Selective Service later approved this selection.

On May 19, 1967, an order was mailed to the appellant requiring him to report on June 5, 1967, to his local board, which would then direct him to his assignment at the Virginia Department of Highways. His failure to appear on that date is the basis of the prosecution for violating the Universal Military Training and Service Act, 50 U.S.C.A.App. §§ 456(j) and 462 (a). This appeal is from the judgment entered against him by the District Court after a non-jury verdict of guilty.

## I

The appellant maintains that the conviction should not be permitted to stand because his classification as a conscientious objector was improper. His counsel earnestly submits that the board failed to consider his claim to a ministerial exemption. In support of this contention, he points out only that there is no specific notation in his Selective Service file that this claim was considered, and from this he deduces that the local board failed to consider it.

■ We think the attack on the classification cannot prevail. It is not disputed that Crowley's letter in support of his dual claims for a ministerial exemption and conscientious objector status was placed in his file, and it must be assumed that the local board considered the entire document and both of the registrant's claims when it classified him. Skinner v. United States, 215 F.2d 767

(9 Cir. 1954), cert. denied, 348 U.S. 981, 75 S.Ct. 572, 99 L.Ed. 763 (1955). In the circumstances, the board's grant of the one negatived the other.

■ In any event, Crowley failed to pursue administrative remedies, and is therefore precluded from obtaining judicial review of his classification.[2] The requirement of administrative exhaustion is relaxed only in exceptional and unusual circumstances. Thompson v. United States, 380 F.2d 86 (10 Cir. 1967). No such circumstances are suggested here. At no time have any facts been brought to the attention of the board or the court to justify his failure to seek relief through established administrative channels. When the registrant failed to appear or appeal, the board's classification became final and is not now open to review.

## II

We turn next to Crowley's contention that the order to report for civilian work is void because it was signed by a clerk of the local board who was not shown to have been properly authorized to sign official documents. He reasons that the order is therefore a nullity and failure to obey it may not be made the basis of a criminal prosecution.

■ Regulation 32 C.F.R. § 1604.59 provides that "official papers issued by a local board may be signed by the clerk of the local board if he is authorized to do so by resolution duly adopted and entered in the minutes of the local board." Appellant assumed in arguing the appeal, though apparently the point was not made in the District Court, that it was incumbent on the Government to produce the required resolution and minute books, and that by failing to do so it conceded that the clerk was unauthorized to sign the order. We disagree with the assump-

---

in which the local board is located, or the representative of such State Director, appointed by him for the purpose, shall meet with the local board and the registrant and offer his assistance in reaching an agreement.

2. United States v. Grundy, 398 F.2d 744 (3 Cir. 1968); Mahan v. United States, 396 F.2d 316 (10 Cir. 1968); Campbell v. United States, 396 F.2d 1 (5 Cir. 1968); United States v. McKart, 395 F.2d 906 (6 Cir. 1968); Dunn v. United States, 383 F.2d 357 (1 Cir. 1967).

tion and hold that the burden was on the appellant to make at least some showing in the trial court that the clerk was unauthorized to sign the order. We adhere to the view expressed by this court in an earlier Selective Service case, Koch v. United States, 150 F.2d 762, 763 (4 Cir. 1945), where the general rule was stated:

A presumption of regularity attaches to official proceedings and acts; it is a well settled rule that all necessary prerequisites to the validity of official action are presumed to have been complied with, *and where the contrary is asserted it must be affirmatively shown.* (Emphasis added.)

■ The absence of any showing of this character by the appellant at trial is sufficient to dispose of the contention. Even if it were assumed that no resolution was adopted in strict compliance with § 1604.59, the appellant's contention would still be lacking in cogency. Courts have repeatedly held that a Selective Service board's action should not be invalidated because a clerk has signed a document without receiving authorization in the manner prescribed by the regulations. Relief has been denied on the theory that the registrant has suffered no prejudice in these situations. See, e. g., United States v. Lawson, 337 F.2d 800 (3 Cir. 1964), cert. denied, 380 U.S. 919, 85 S.Ct. 913, 13 L.Ed.2d 804 (1965) where the requirement of a resolution authorizing the clerk to sign official papers was said to be directory and not mandatory and the absence of a resolution did not excuse compliance with an otherwise valid board order. To the same effect is Talcott v. Reed, 217 F.2d 360 (9 Cir. 1955). In Smith v. United States, 157 F.2d 176 (4 Cir.), cert. denied, 329 U.S. 776, 67 S.Ct. 189, 91 L.Ed. 666 (1946), Judge Soper, for this court ruled that the board's order would not be nullified where a resolution had been adopted

but had not been entered in the minutes. He pointed out that "the defendant was in no way injured by the board's disregard of a directory administrative detail in the performance of its duties." 157 F. 2d at 182. See also United States v. Fratrick, 140 F.2d 5 (7 Cir. 1944).

### III

Another ground on which the validity of the board's order is challenged is that the local board failed to comply with 32 C.F.R. § 1660.20(d).[3] The irregularity is said to be that the board which determined the registrant's assignment to civilian work and submitted its action to the Director of Selective Service for his approval should thereafter have held another meeting to consider the registrant's case again. The argument propounded is that the omission of a further meeting after the Director had given his approval to the proposed assignment constituted an impermissible deviation from the directive of the regulation. On this basis it is contended that the issuance of an order to report was never properly authorized and that this necessitates reversal of the conviction.

Unquestionably the regulation makes approval of the Director essential to a board's ordering a conscientious objector to report for civilian work. However, the appellant reads into the regulation a requirement that the Director's approval be obtained *before* the local board may authorize issuance of the order. In other words, the appellant's argument is that the board may not authorize issuance of an order contingent on the Director's subsequent approval.

Appellant calls our attention to Brede v. United States, 396 F.2d 155 (9 Cir. 1968), a recent case in which the Ninth Circuit reversed a registrant's conviction of failing to comply with a local board's order to report for civilian work on the ground that there had not been substan-

---

3. 32 C.F.R. § 1660.20(d) provides:

(d) If after the meeting referred to in paragraph (c) of this section, the local board and the registrant are still unable to agree upon a type of civilian work which should be performed by the registrant in lieu of induction, the local board, with the approval of the Director of Selective Service, shall order the registrant to report for civilian work * * *

tial compliance with § 1660.20(d). There, a registrant who had been classified as a conscientious objector met with his local board on March 24, 1966, to discuss possible civilian employment. No agreement was reached. The Director's approval for the assignment of Brede to civilian work was then sought and obtained. The local board did not meet after receiving the Director's authorization but issued an order to the registrant to report for civilian work. The criminal prosecution was predicated upon his refusal to comply with that order.

Construing and applying § 1660.20(d), the Ninth Circuit reversed the conviction, initially resting its decision on the local board's failure to meet after receipt of the Director's approval, for the purpose of formally authorizing issuance of an order to report for civilian work. The Government, concerned over the court's holding that a local board must meet again after receipt of the Director's authorization, petitioned for a rehearing, 400 F.2d 599.

On further consideration, the court clarified the basis of its decision and modified its holding in the following terms:

> The United States contends that § 1660.20(d) does not require that a meeting be held after receipt of authorization; that an order to report could be entered prior to authorization but subject to subsequent authorization and notice.

*We agree.* (Emphasis added.)

The court then ordered deletion of the language in its reported decision which indicated a necessity for a meeting subsequent to the Director's approval.

■ It is therefore plain that since its modification the *Brede* opinion no longer supports the contention of the appellant in this case. We agree with the opinion as deliberately revised by the Ninth Circuit, that an order to report for civilian work may be authorized conditionally, to become effective on the Director's approval.

IV

Inasmuch as our appellant puts general reliance on the *Brede* decision, it is perhaps in order to advert to another matter, not directly raised by him. This relates to the point that the Ninth Circuit preserved as the sole reason for denying the petition for rehearing and adhering to its reversal of the conviction.

There, the appellant contended that at the meeting held by the board it arrived at no final decision, and hence there could be no lawful order of the board directing him to appear for civilian work. The Government's answer was that "a determination that certain work is appropriate constitutes an implied order to report for such work, subject to authorization of the National Director and notice." In this view, the Government's submission was that the clerk's action after receipt of the Director's approval was no more than ministerial implementation of the order.

What is significant for us is the court's acknowledgment that this contention might have merit in an appropriate case, although it found no evidence in the record before it that the board's action before receiving the Director's approval was understood by the board to be a critical exercise of its administrative judgment. That the court's decision was based precisely on a failure of proof is emphasized by its statement that "our opinion should be read as qualified by the state of the record."

The record before us does not suffer from the *Brede* defect. Crowley's file contains a memorandum of the board's meeting with him on April 21, 1967. This document, prepared by the board's clerk, reads in part as follows:

> The local board decided that registrant should be offered employment with Virginia Department of Highways, Ashland, Virginia, doing highway work.

We are persuaded that Crowley's board, unlike Brede's, indeed intended to exercise its administrative judgment on that date, subject to the Director's approval.

When the Director's approval was given, it was not necessary for the board to hold another meeting with respect to the matter.

The religious integrity of the appellant excites admiration; but, while the law of the land yields to a conscientious objector's scruples against military service, it does not immunize him from useful civilian work. The validity of the Act and the regulations is not contested; only the procedure is in issue. Our conclusion is that there has been full compliance with the regulations and that the trial was free from error.

The judgment of the District Court is Affirmed.