UNITED STATES of America

v.

Larry Wayne WALKER.

Crim. No. 68–297.

United States District Court
D. Massachusetts.

Sept. 11, 1969.

Herbert F. Travers, U. S. Atty., Stanislaw R. J. Suchecki, Asst. U. S. Atty., for plaintiff.

Norman C. Ross, Cargill, Masterman & Cahill, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, District Judge.

Defendant Larry Wayne Walker was indicted in a one-count indictment charging him with willfully failing and refusing to submit to induction into the armed forces. A jury trial resulted in the return of a verdict of guilty and thereafter a hearing was held on defendant's motion for a judgment of acquittal. The motion was also briefed by the parties.

971

A review of the evidence establishes that Larry Wayne Walker upon reaching the age of 18 on January 24, 1966, duly registered under the Selective Service law with Local Board No. 34, Roxbury, on February 2, 1966, at which time he was a student at Boston Trade High School. He was classified 1–S until June 30, 1966, a date approximately one month after his scheduled graduation from high school. On November 29, 1966 he underwent an armed forces physical examination, was found acceptable, and was ordered to report for induction on February 21, 1967. He did not report on that date and pursuant to an order from the local board he underwent a second armed forces physical examination on October 5, 1967 and was again found acceptable.

On October 27, 1967 a Selective Service Form No. 110 indicating that he had been reclassified 1–A, and a Selective Service Form No. 217 notifying him of his right to ask for a personal appearance or an appeal within thirty days from that date was mailed to the defendant. No request for a personal appearance or appeal was made within the prescribed time. On December 19, 1967 an order directing him to report for induction on January 26, 1968 was mailed to defendant. He failed to appear at the induction center on that date. On February 8, 1968 an order to report for induction on February 26, 1968 was mailed to defendant. On February 26 he likewise failed to appear and to submit to induction.

On May 25, 1968 a letter from defendant was received by his local board requesting that the board forward to him Form SSS–150 (conscientious objector). The Form SSS–150 was mailed to him by the board on May 26, and was returned to the board on June 7, 1968. On June 20 a letter was written to defendant by the clerk of the local board advising him that "the members of your local board have reviewed your file containing the current information submitted and voted not to reopen your classification." This letter also directed

defendant to report for induction on July 29, 1968 pursuant to the order to report for induction mailed to him on February 8, 1968 which had directed him to report for induction on February 26. On July 29 defendant appeared at the induction center and refused to submit to induction. On this occasion, the consequences of his conduct were explained to him by Lieutenant Godin, after which explanation he declined for a second time to take the traditional step forward. Thereafter, on October 16, 1968, an indictment was returned charging Mr. Walker with violation of Title 50, App., United States Code, Section 462.

 On the evidence it is clear that under applicable Selective Service regulations the local board lacked the legal power to reopen defendant's classification on the evidence before it by reason of the proviso in 32 C.F.R. 1625.2, to the effect that "the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." United States v. Gearey, 368 F.2d 144 (2 Cir. 1966), cert. denied 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368, rehearing denied 389 U.S. 1010, 88 S.Ct. 561, 19 L.Ed.2d 611 (1967). There was no evidence before the local board to form the basis for such a finding and the instant case, in which Mr. Walker had refused to comply with two previous valid notices of induction, is an *a fortiori* case for the application of the language of *Gearey* (368 F.2d at p. 149):

"We can see no sound reason why a regulation may not require that claims for deferment should be advanced as soon as they have matured. If young men eligible for the draft are permitted endlessly to challenge their status and to claim review of adverse determinations, the effect on the Selective Service System would be chaotic * * *."

See, also, United States v. Stoppelman, 406 F.2d 127 (1 Cir. 1969); United States v. Powers, 834 F.2d 413, (1 Cir., July 14, 1969). The opinion of the Court in *Powers* indicates that there is no validity to the assertion that defendant's claimed lack of understanding of the nature of conscientious objection affords a basis for his attempt to show that there had "been a change in the registrant's status over which the registrant had no control," within the meaning of 32 C.F.R. 1625.2. In *Powers* the Court observed (at p. 837):

"Were unilateral, subjective, uncounselled misunderstanding of Selective Service requirements and definitions to be a defense to prosecution, an already laboring vehicle would in all likelihood be completely immobilized."

The most that appears herein is a claimed subjective unilateral misunderstanding.

 There is no merit in defendant's contention that Local Board No. 34 is illegally constituted since the evidence at the trial proved that all five members thereof were residents of the City of Boston and Suffolk County, although only one of them lived in Roxbury. Their residences are all proper and within the provisions of Reg. 1604.52(c).

Finally, I rule there is no validity on the record of this case in defendant's contention that the order to report for induction is invalid by reason of the fact that it was signed by a clerk rather than by a board member. Defendant now argues that the Government failed to prove that Local Board No. 34 ever adopted a resolution authorizing a clerk rather than a board member to sign an order to report for induction as provided for in Sec. 1604.59. Yates v. United States, 404 F.2d 462, 466 (1 Cir. 1968), established that the Government may rely on the presumption of regularity re such procedural matters "if, however, the * * * point is not raised before trial and there is no examination or cross-examination of the clerk on this point." See, also, United States v. Powers, 413 F.2d 834, (1 Cir. July 14, 1969).

Defendant failed to bring himself within this rule because he failed to question Mrs. Field, the Executive Secretary of Local Board No. 34, about the authority of the clerk who signed the two Forms 252 (Order to Report for Induction) which were in evidence. Defendant had an opportunity to question Mrs. Field first when he had her under cross-examination during her appearance on the stand as a government witness, and he had a second opportunity to question her as to the clerk's authority when he called her as a defense witness. The only questions posed to Mrs. Field were as to the identity of the person who signed the two Forms 252, copies of which were put in evidence completed but for the signature line. Defendant asked no question of any kind touching on the subject of or raising any issue or question about the authority of the signer or signers of these two forms.

The Court of Appeals for the Fourth Circuit in United States v. Crowley, 405 F.2d 400 (1968), cert. denied 394 U.S. 904, 89 S.Ct. 1011, 22 L.Ed.2d 215 (1969), adopted the following quotation from Koch v. United States, 150 F.2d 762, 763 (4 Cir. 1945):

"A presumption of regularity attaches to official proceedings and acts; it is a well settled rule that all necessary prerequisites to the validity of official action are presumed to have been complied with, *and where the contrary is asserted it must be affirmatively shown.*" (p. 403, of 405 F.2d)

The Court then went on to rule in *Crowley*, (p. 403):

"The absence of any showing of this character by the appellant at trial is sufficient to dispose of the contention. Even if it were assumed that no resolution was adopted in strict compliance with Sec. 1604.59, the appellant's contention would still be lacking in cogency. Courts have repeatedly held that a Selective Service Board's action should not be invalidated because a clerk has signed a document without receiving authorization in the manner prescribed by the regulations. See,

e. g., United States v. Lawson, 337 F. 2d 800 (3 Cir. 1964), cert. denied 380 U.S. 919, 85 S.Ct. 913, 13 L.Ed.2d 804 (1965), where the requirement of a resolution authorizing the clerk to sign official papers was said to be directory and not mandatory and the absence of a resolution did not excuse compliance with an otherwise valid board order. To the same effect is Talcott v. Reed, 217 F.2d 360 (9 Cir. 1955)."

The motion for judgment of acquittal is denied.