**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Harold ISENRING, Defendant-Appellant.**

**No. 17486.**

United States Court of Appeals
Seventh Circuit.

Dec. 17, 1969.

Rehearing Denied Jan. 6, 1970.

Certiorari Denied April 6, 1970.
See 90 S.Ct. 1260.

---

Kenneth S. Jacobs, Villa Park, Ill., for defendant-appellant.

Robert J. Lerner, Richard E. Reilly, Asst. U. S. Attys., Milwaukee, Wisc., for plaintiff-appellee.

Before CASTLE, Chief Judge, HASTINGS, Senior Circuit Judge, and KILEY, Circuit Judge.

KILEY, Circuit Judge.

Defendant was convicted by the district court, without a jury, of willful failure to report to his draft board for civilian work after having been classified as a

conscientious objector in class I-O.[1] He has appealed. We affirm.

After filing an initial classification questionnaire with his draft board, defendant executed and returned to the board a Special Form of Conscientious Objector. The board, following defendant's personal appearance before it, classified him I-A. He was subsequently classified I-O by the appeal board. He then met with the local board for a discussion of suitable civilian work to be substituted for military service. Later he was ordered to report for work in a hospital. He failed to report and was indicted, tried, and convicted. This appeal followed.

The issues before us are: (1) whether the civilian work order, as signed by the clerk of the board, is void as offending Selective Service Regulation 32 C.F.R. § 1604.59; (2) whether the order was not an order of the local board and thus violative of Section 1660.20(d); (3) whether there is basis in fact for the refusal to classify him IV-D, a minister of religion; (4) whether the board abused its discretion in refusing to reopen the I-O classification; and (5) whether the order issued at an unlawful time sequence and in violation of Section 1660.20(a), (b), (c) and (d).

Defendant's file contains a summary of the meeting held with the local board at which alternatives in civilian work were discussed. The minutes state that on February 13, 1967:

No agreement was reached between the registrant and the local board as to a type of civilian work that this registrant would perform in lieu of induction.

The local board determine that hospital work at Madison General Hospital was appropriate and available, and that the Director of Selective Service be requested to authorize the issuance of an order to the registrant to perform such work.

The clerk wrote the national director pursuant to the board's request. In a letter of April 25, 1967, the local board received authority from the national director to authorize the civilian work the board considered appropriate. The order to report thereafter issued, signed by the clerk, without a further meeting of the board to authorize the clerk to sign it.

Defendant initially contends that the order and his conviction based upon it are void because there was no proof in the record that the board authorized the clerk to *sign* this "offical paper" under Section 1604.59.[2] In the absence of proof to the contrary, we believe the judicially recognized presumption in favor of the regularity of board proceedings defeats this contention of the defendant. It was incumbent upon the defendant to prove that the signing of the order by the clerk was an unauthorized action. United States v. Crowley, 405 F.2d 400, 403 (4th Cir. 1968), cert. denied, 394 U.S. 904, 89 S.Ct. 1011, 22 L.Ed.2d 215 (1969); Rhyne v. United States, 407 F.2d 657, 660 (7th Cir. 1969).

A more substantial question is presented with defendant's second contention that the order to report for civilian work was in violation of Section 1660.20(d) because the local board did not meet, with the approval of the Director of the Selective Service, "to order the registrant to report for civilian work."[3]

---

1. His sentence of two years was suspended and he was placed on probation for two years.

2. 32 C.F.R. § 1604.59 provides:
   Official papers issued by a local board may be signed by any compensated employee of the local board if he is authorized to do so by resolution duly adopted by and entered in the minutes of the meetings of the local board. * * *

3. 32 C.F.R. § 1660.20(d) provides:
   If, after the meeting referred to in paragraph (c) of this section, the local board and the registrant are still unable to agree upon a type of civilian work which should be performed by the regis-

Defendant relies on Brede v. United States, 396 F.2d 155 (9th Cir. 1968) (*Brede I*), which held that, in order to comply with Section 1660.20(d), a local board, after receiving authorization from the national director, should then meet and order the registrant to report for civilian work. However, *Brede* was subsequently modified in a per curiam opinion (400 F.2d 599 (9th Cir. 1968)) (*Brede II*) which stated that though the order must specify the civilian job, the meeting resulting in the order need not be held after the director's approval. The modified opinion recognized as meritorious the contention that a board's recommendation following the meeting with the registrant required by Section 1660.20 may constitute an implied order to report, subject to the national director's approval, if the record discloses that the action of the board comports with its usual administrative construction and practice. Defendant argues that *Brede I* is the proper decision, but that even on the basis of *Brede II* his conviction should be reversed, since there was no evidence in the record of the administrative construction and procedure of the local boards in Wisconsin.

Since submission of briefs and oral argument in this case, two important developments have occurred which shed light on the issue now being discussed. This court in the consolidated cases, Hestad v. United States, and Cupit v. United States, 418 F.2d 1063, (1969), dealt with a situation where the facts were virtually the same as those before us. The court decided to follow *Brede II* as the correct interpretation of Section 1660.20(d). It determined that the essential element in both *Brede* decisions is that the local board must deliberate upon and approve a reasonably definite proposition ordering the registrant to report for civilian work. On the facts before it, this court set aside the district court findings that there was insufficient evidence in the record that the boards engaged in the "critical exercise of administrative judgment" required by *Brede II*.

The only factual difference between *Hestad* and *Cupit* and the case before us now is that in those cases, in addition to the minutes of the board meeting, there was supplemental testimony that the boards involved followed the administrative practice of all local boards in the state of Wisconsin with respect to the procedure applied to these two registrants. There is no testimony before us of administrative practices.

■ We do not think it is necessary, in order to sustain the defendant's conviction, for the record before us to show the administrative practice of draft boards with respect to the issuance of these civilian work orders. This court in *Hestad* and *Cupit* cited as "almost identical" the facts in the Fourth Circuit decision in United States v. Crowley, 405 F.2d 400, 403 (1968), which upheld the defendant's conviction, without supplemental testimony of board practice, on the basis that the recommendation of the board alone that the registrant undertake civilian work was itself sufficient to satisfy the requirements of Section 1660.20(d). More importantly, whatever argument might be offered that the decisions of the Ninth Circuit in *Brede* require the existence of supplemental testimony of administrative practice has now been rendered invalid by the recent decision in United States v. Stark, 418 F.2d 901, (9th Cir., slip opn. Nov. 28, 1969). There the court held as sufficient the board's determination of the type of employment deemed appropriate, and the employer to whom the registrant is to report. Thus, a showing of the "critical exercise of administrative judgment" is all that is necessary to sustain the subsequent "ministerial implementation" of the board's judgment by the clerk.

We conclude that the board in the case before us substantially complied with the

trant in lieu of induction, the local board, with the approval of the Director of Selective Service, shall order the registrant to report for civilian work contributing to the maintenance of the national health, safety, or interest. * * *

requirements of Section 1660.20(d) as enunciated by this Circuit in *Hestad* and *Cupit,* and by the Fourth and Ninth Circuits, respectively, in the *Crowley* and *Stark* decisions.

Defendant next contends that there was no basis in fact for the refusal of the board to classify him IV-D as a minister of religion. He sought a ministerial exemption after the board had initially classified him I-A. Prior to the time when the appeal board reclassified him I-O, defendant submitted to the board the following information: that he was a minister of the Watchtower Society, a student preparing for the ministry, that he devoted thirteen hours per week to ministerial activity and worked forty hours per week as a carpenter. These statements were supported by personal affidavits. With this information before it, on June 13, 1966 the board affirmed his I-A classification. On August 15, 1966 the appeal board reclassified the defendant I-O, as a conscientious objector. On September 19, 1966 defendant requested reopening of that classification, and again sought the IV-D ministerial exemption. He submitted to the board a certificate executed by the Assistant Superintendent of Ministers and Evangelists stating that the defendant was an ordained minister, an assistant presiding minister of his congregation, a book study conductor presiding over bible studies, and was regularly engaged in preaching and teaching. The board acknowledged receipt of this material, but the classification was not reopened.

■ We see no merit in the defendant's argument that the board did not consider any of the information submitted relating to the ministry. The summary of the June 13, 1966 board meeting shows that the local board has already considered the essential information pertaining to his ministry claim when it classified him I-A. The file was, at that time, forwarded to the appeal board where the information was once again considered, and the classification changed to I-O. Defendant further claims that the board did not consider his request for reclassification made by the introduction of information on September 19, 1966. The defendant's file makes no mention of a meeting to consider this request. In the absence of clear evidence to the contrary, the presumption in favor of the regularity of official proceedings of the board prevails here. Yeoman v. United States, 400 F.2d 793, 797 (10th Cir. 1968).

■ This court also finds without merit defendant's argument that he made out a prima facie showing that he was entitled to a ministerial exemption, and that the board presented no facts in his file to negate this showing. The Supreme Court case of Dickinson v. United States, 346 U.S. 389, 395, 74 S.Ct. 152, 98 L.Ed. 132 (1953), notes that preaching or teaching the principles of one's sect, if performed part-time or half-time, occasionally or irregularly, is insufficient to satisfy the "rigid criteria" for a ministerial exemption. Defendant's file contains information that he did ministerial work regularly, but less than one-third of his actual working time. Defendant must demonstrate that the ministry was his "customary vocation." United States v. Kushmer, 365 F.2d 153, 155 (7th Cir. 1966).

■ Defendant further argues that there was no basis in fact for the board's refusal to reopen his classification. We believe there was nothing in the file before or after classification which is contrary to defendant's statements about his substantial carpentry work and religious activity. The material submitted to the board on September 19, 1966 does not contradict these statements, and only reiterates defendant's religious commitments. This was not new evidence "presenting facts not considered when the registrant was classified" as required for a reopening under Section 1625.2. The record clearly shows there was a basis in fact for the board's refusal to reopen the classification.

■ Defendant also complains of the board's failure to send a letter notify-

ing him of the refusal to reopen his classification as required by Section 1625.4. No letter was sent. However, events occurring subsequent to the request for reopening put defendant on notice of the board's action. Acknowledgment of receipt of the request was given by the board on October 5, 1966. Thereafter, processing for civilian work began, for on December 12, 1966 defendant was requested to designate a type of civilian work he favored in lieu of induction. On February 13, 1967 he had a meeting with the board to discuss civilian work. And, finally, the order to report issued. We believe no prejudice was shown, and defendant was made sufficiently aware that his request to reopen the classification had been denied. Yeoman v. United States, 400 F.2d 793, 796 (10th Cir. 1968).

■ Finally, defendant relies upon a violation of Section 1660.20(a), (b), (c), (d) to seek a reversal of his conviction. Each subsection there provides, in regard to civilian work orders, that

\* \* \* such orders shall not be issued prior to the time that the registrant would have been ordered to report for induction if he had not been classified in Class I-O, unless he has volunteered for such work.

The basis of this provision is that a conscientious objector should not be called for civilian work, if he would not have at that time been ordered for military duty. Defendant's name appeared upon the delivery list of January 16, 1967, to be ordered to report for induction had he been classified I-A. The civilian work order was issued three months later, in May, 1967. We believe the issuance on that date sufficiently satisfies the mandate of Section 1660.20 that defendant be called in sequence. We do not read that Section as requiring that the defendant have been eligible for order of induction in May, when the order issued.

Affirmed.