**UNITED STATES of America, Appellee,**

v.

**Bruce Howard NECKELS, Appellant.**

**No. 71–1906.**

United States Court of Appeals, Ninth Circuit.

Nov. 26, 1971.

Rehearing Denied Jan. 5, 1971.

---

David Gilson (argued), Paul C. Maier, Herzstein, Maier & Lippett, San Francisco, Cal., for appellant.

Michael Field, Asst. U. S. Atty. (argued), James L. Browning, U. S. Atty., F. Steele Langford, Chief, Crim. Div., San Francisco, Cal., for appellee.

Before BROWNING and KILKENNY, Circuit Judges, and JAMESON, District Judge.*

KILKENNY, Circuit Judge:

Appellant was indicted, tried and convicted in a court trial for violation of 50 U.S.C. App. § 462 [refusal to submit to induction into the Armed Forces]. He appeals. We affirm.

## FIRST ISSUE

Relying upon United States v. Baray, 445 F.2d 949 (9th Cir.1971), and similar cases, appellant asserts that his conviction cannot stand by reason of the failure of the local board to provide him with a medical interview as outlined in 32 C.F.R. § 1628.2(b).[1]

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

1. 32 C.F.R. § 1628.2(b).

"Whenever a registrant who is in Class I–A, Class I–A–O, or Class I–O claims that he has one or more of the disqualifying medical conditions or physical defects which appear in the list described in section 1628.1, the local board shall order him to present himself for interview with the medical advisor to the local board at the time and place specified by the local board by mailing to such registrant a Notice to Registrant to Appear for Medical Interview (SSS Form 219)."

In November, 1966, appellant was given his first preinduction physical and was found fully qualified for induction. He was classified I-A. In January, 1967, he received a I-S-C classification and in August of the same year was classified II-S in order to complete his college education. His education completed, he was again classified I-A in May, 1968. Shortly after receipt of this classification, appellant wrote a letter to his local board in which he claimed certain physical disabilities and suggested that the board contact his doctor. The board responded by asking appellant to have his doctor write a letter outlining appellant's physical condition and defects. On July 5, 1968, the board received from appellant's doctor a letter, the body of which is shown in the footnote.[2]

On August 22, 1968, appellant made a personal appearance before the local board and on the same date he was ordered to report for a pre-induction physical. He received the physical on October 11th and no defects were found. On November 12th he was recalled for further medical evaluation and was found acceptable. The following January 15th, the appeal board met and voted unanimously to retain appellant in the I-A classification. Appellant's induction was then indefinitely postponed to permit a reevaluation of his medical condition in response to a congressional inquiry. On April 16, 1969, his pre-induction medical records, including all letters submitted by him, were reviewed by the senior medical officer, United States Army Recruiting Command, who concluded that appellant was acceptable for military service. Again, appellant was ordered to report for induction. He reported, was given another pre-induction physical examination and was found acceptable.

 32 C.F.R. § 1628.2(b), upon which appellant relies, must not be isolated and read alone. It is an integral part of a complex group of regulations which must be read and construed in *pari materia*. Although not specifically mentioned, this rule of construction is, by implication, invoked in United States v. Smith, 423 F.2d 559 (9th Cir.1970). There the court employed 32 C.F.R. § 1628.4(e) [3] to justify its decision that the local board, if it had *any doubt* concerning the existence of an alleged physical defect or condition, was authorized to order the registrant to report for an armed services physical examination, as provided in § 1628.11. Beyond question, the opinion of appellant's own doctor casts grave doubt on the validity of appellant's claimed physical defect. Inasmuch as there is nothing in the record to indicate to the contrary, we must assume that the board had doubt as to the existence of the claimed disqualification. *Smith, supra,* p. 562. We have no hesitancy in stating that such a determination is supported by a sufficient basis in fact.

We reject the appellant's argument that 32 C.F.R. § 1628.4(e) should not be considered. Our decision in *Smith* requires us to employ that regulation wherever applicable. Even *Baray*,[4] upon

---

2. "By examination there is a bit of roughness over the tip of the elbow, and I expect it is somewhat sore.

 This condition could be corrected very probably with comparatively minor surgery. The patient is not willing to have this done. In his present condition, I would think the elbow would hurt him with stressful activities."

3. 32 C.F.R. § 1628.4(e).

 "If the local board determines that the registrant does not have a disqualifying

medical condition or physical defect which appears in the list described in section 1628.1, or if the local board has *any doubt* concerning the existence of any such condition or defect, the local board shall order the registrant to report for armed forces physical examination as provided in section 1628.11." (Emphasis supplied.)

4. "We find that this case is unlike United States v. Smith, 423 F.2d 559 (9th Cir. 1970), relied upon by the government, in which the registrant, after having been

which appellant relies, recognizes the logic of the *Smith* decision on facts similar to those before us.

## SECOND ISSUE

 Appellant complains of the large number of appeals reviewed by the appeal board in a relatively short period of time. The record is completely devoid of evidence on the nature of other matters considered by the appeal board or the time devoted to an evaluation of appellant's appeal. In these circumstances, we are required to assume that the appeal board considered all pertinent material in appellant's file. Skinner v. United States, 215 F.2d 767 (9th Cir. 1954), cert. denied 348 U.S. 981, 75 S.Ct. 572, 99 L.Ed. 763 (1955), rehearing denied 349 U.S. 924, 75 S.Ct. 659, 99 L.Ed. 1256 (1955). This presumption of regularity has been recognized and applied by us to both local and appeal board actions. United States v. Harris, 436 F.2d 775, 777 (9th Cir.1970), cert. denied 402 U.S. 981, 91 S.Ct. 1645, 29 L.Ed.2d 147 (1971), rehearing denied 403 U.S. 924, 91 S.Ct. 2222, 29 L.Ed.2d 702 (1971); Storey v. United States, 370 F.2d 255, 259 (9th Cir.1966).

To prevail, a registrant must do more than show that the appeal board reviewed a large number of cases in a limited period of time. This, without more, does not overcome the presumption of regularity. Here, there is no showing that appellant's rights were in any way affected by the actions of the appeal board.

Affirmed.

found acceptable at his pre-induction physical examination, notified the Local Board that he was suffering from migraine headaches and requested a medical interview. *There we held that the Board had reason to doubt the existence of the claimed disability and acted properly*

*when it ordered the registrant to report for another physical examination.* Here, the registrant had a history of pulmonary tuberculosis and had in fact been found unacceptable by the military's examining officers." 445 F.2d 949, 954. (Emphasis supplied.)