Eric C. **WILLIAMS**, Petitioner-Appellant,

v.

John T. **TRAMBLEY**, Major, United States Army, as Commander of the United States Armed Forces Examining and Entrance Station, Denver, Colorado, Respondent-Appellee.

No. 71–1313.

United States Court of Appeals, Tenth Circuit.

Feb. 8, 1972.

Dwight K. Shellman, Jr., of Shellman, Carney & Edwards, Aspen, Colo., for petitioner-appellant.

John W. Madden, III, Asst. U. S. Atty. (James L. Treece, U. S. Atty., with him on the brief), for respondent-appellee.

Before BREITENSTEIN, HILL and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Petitioner-appellant brought habeas corpus to secure release from the United States Army because of alleged irregularities in his induction. After an evidentiary hearing, the district court denied relief.

Petitioner had been classified II–S until the following events occurred. On April 10, 1968, his Board received a letter in which petitioner stated that he had graduated from the agricultural course in which he was enrolled; that he had planned to pursue another course in the fall, but because of the death of his father he felt obligated to help his mother in the operation of the 3,000 acre family ranch which had 1,000 sheep, 200 dairy cattle, and 900 beef cattle, and which employed 70 people. On this basis he requested a II–C agricultural deferment. See 32 C.F.R. § 1622.24(a). Apparently the Board, in its discretion, see 32 C.F.R. § 1621.14(a), referred the request to the Agricultural Stabilization and Conservation Service (ASCS) for evaluation.

On April 24, after the II–C claim had been pending about two weeks, the Board reclassified petitioner from II–S to I–A and sent him the customary notice of right to appearance and appeal. A May 10 letter of ASCS recommended that the deferment be denied because "even though it was a large operation, it was felt there was enough help on hand, both managerial and regular labor, to successfully operate the ranch." The petitioner was notified on May 13 of the ASCS action. He did not request a personal appearance and did not appeal the I–A classification. The Board took no further action on the II–C request.

In a letter received by the Board on June 26, he stated his intent "to further my education at Colorado State University this Fall." He said nothing about a II–C deferment. On September 28, he formally requested a II–S deferment and it was granted on November 25, 1968. In September, 1969, he filed a current information questionnaire in which he stated that he was a self-employed "assistant dairy herdsman" and that he was a full-time student. Again no mention was made of the 1968 II–C request. In a subsequent questionnaire, dated March, 1970, he described his occupation as "farmer" and said that he had been so employed since 1964. He also said that he had completed three years of college but left unanswered the question whether he would be a full-time student at the next semester. Again there was no mention of the 1968 II–C request.

On April 21, 1970, petitioner was classified I–A and notified of his right of personal appearance and appeal. On October 7, he wrote the Board and asserted that he had been qualified for some time to receive a II–C deferment and that no action had been taken on his still-pending 1968 request. The October 7 letter with its supporting materials was sent to the SSS state director who on October 20 requested the Local Board "to reopen his classification and classify him anew." Petitioner appeared before the Board on November 16 and on the same day the Board classified him I–A. He appealed and on February 12, 1971, the Appeal Board by a 5 to 0 vote classified him I–A. Thereafter, he was inducted and on the day of induction filed this habeas petition.

 Executive Order No. 11527, 35 Fed.Reg. 6571 (1970), precludes II–C deferments if the request is made on or after April 23, 1970. Petitioner says that the Order does not bar his request because it was made on April 10, 1968. The answer is that on April 24, 1968, when the Board classified him I–A, the

April 10 request was in his file. It is presumed that the entire file was considered. United States v. Crowley, 4 Cir., 405 F.2d 400, 402, cert. denied 394 U.S. 904, 89 S.Ct. 1011, 22 L.Ed.2d 215, and Skinner v. United States, 9 Cir., 215 F. 2d 767, 768, cert. denied 348 U.S. 981, 75 S.Ct. 572, 99 L.Ed. 763. Implicit in the I–A classification is a denial of the then pending II–C request. Crowley, supra, 405 F.2d at 402. Although notified of his rights, he did not request a personal appearance or appeal to the State Appeal Board. Because he failed to exhaust administrative remedies, he cannot now attack the disposition of the II–C request. McGee v. United States, 402 U.S. 479, 484, 488, 91 S.Ct. 1565, 29 L.Ed.2d 47.

In the circumstances we believe that the petitioner was aware, or should have reasonably been aware, that his II–C request had been denied. Cf. Yeoman v. United States, 10 Cir., 400 F.2d 793, 796. His October 7, 1970, letter to the Board came after the cutoff date and cannot be related back to the request which had been implicitly denied by the April 24, 1968, I–A classification.

The Board, which in this context is not required to make findings of fact or conclusions of law, Owens v. United States, 10 Cir., 396 F.2d 540, 542, cert. denied 393 U.S. 934, 89 S.Ct. 294, 21 L.Ed.2d 270, was legally correct in denying the II–C request. The first request had been denied and no appeal taken. The second came after the cutoff date fixed by the Executive Order.

Since we hold as a matter of law that the petitioner is barred by the Executive Order from receiving a II–C deferment, it is unnecessary to consider his remaining arguments going to Board proceedings and action during and after the November 16, 1970, personal appearance, at which his only claim was qualification for II–C deferment.

Affirmed.