**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Willie MOBLEY, Jr., Defendant-Appellant.**

No. 72-2459.

United States Court of Appeals, Ninth Circuit.

Feb. 12, 1973.

John Spyromilios (argued), Richard L. Romano, San Francisco, Cal., for defendant-appellant.

Joseph E. Reeves, Asst. U. S. Atty. (argued), F. Steel Langford, Robert E. Carey, Jr., Asst. U. S. Attys., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before KOELSCH, CHOY and GOODWIN, Circuit Judges.

PER CURIAM:

Mobley appeals his conviction after trial to the court for refusing to report for civilian work in violation of 50 U.S.C. App. § 462(a). We affirm.

In June 1968, the Armed Forces Examining and Entrance Station (AFEES) gave appellant a pre-induction physical examination and found him acceptable for military service. However, the physical examination papers which AFEES sent to appellant's local board, while indicating the results of a hearing test of both ears, included a blank audiogram card. He contends that "the hearing test apparently was not administered" in violation of Army Regulation 601–270, Ch. 4, Sec. 2, ¶ 4–20H(3)(f), because of the blank audiogram card, and so his order to report for work was invalid. He had indicated in his report of medical history that he had had running ears and hearing loss.

The only evidence presented was appellant's selective service file. It shows that a hearing test was given in recording the test results of both ears. "It is the settled general rule that all necessary prerequisites to the validity of official action are presumed to have been complied with, and that where the contrary is asserted it must be affirmatively shown." Lewis v. United States, 279 U.S. 63, 73, 49 S.Ct. 257, 260, 73 L.Ed. 615 (1928); United States v. Neckels, 451 F.2d 709 (9th Cir. 1971); United States v. Crowley, 405 F.2d 400 (4th Cir. 1968). The record contains no evidence that the hearing test was not in fact administered.

Affirmed.