**UNITED STATES of America,**
**Appellee,**

v.

**Michael Leon DAVIS, Appellant.**

**No. 12915.**

United States Court of Appeals
Fourth Circuit.

Argued March 3, 1969.

Decided July 22, 1969.

George S. Daly, Jr., Charlotte, N. C., Court-appointed counsel, for appellant.

William Medford, U. S. Atty. (Joseph R. Cruciani, Asst. U. S. Atty., on brief), for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

CRAVEN, Circuit Judge:

Michael Leon Davis was tried by the district court, without a jury, under an indictment for violation of 50 U.S.C. App. § 462 and, upon conviction of the offense of refusing induction into the Armed Services, was sentenced by the district judge to two years' imprisonment. From the judgment and sentence he appeals, and presents for our consideration ten questions that are said to arise on the record. We think we need decide only two:

(1) Whether Davis lost his right to contest the validity of his 1–A classification in the district court by failing to appeal that classification to the Appeals Board;

(2) Whether he was entitled as a matter of right to trial by jury.

Davis, a member of the Jehovah's Witness sect, registered with Local Board No. 61 at Charlotte, North Carolina, on September 12, 1966, at which time he filled out SSS Form 100 claiming that he was a minister and entitled to the ministerial exemption. He later completed SSS Form 150 claiming the status of conscientious objector. On March 16, 1967, Davis was classified 1–A, and according to the testimony of the executive secretary of the local board a Notice of Classification, SSS Form 110, was mailed to the registrant. Ten days earlier, on March 6, 1967, Local Board Memorandum No. 82 was issued to local draft boards by General Hershey. This memorandum provided that the board shall, at the time the Notice of Classification is mailed, notify the registrant of the name of the government appeal agent and inform him that the appeal agent is available to advise him on matters relating to his legal rights, including his right of appeal.[1]

The testimony of the board's executive secretary at the trial tended to establish

---

1. The entire memorandum reads as follows:

"LOCAL BOARD MEMORANDUM NO. 82

"ISSUED: March 6, 1967

"SUBJECT: NOTICE TO REGISTRANTS RE GOVERNMENT APPEAL AGENTS.

"1. Whenever a local board places a registrant in either Class I–A, I–A–O, or I–O, it shall, at the time the Notice of Classification (SSS Form 110) is mailed, also notify the registrant of the name of the Government Appeal Agent and inform the registrant that the Government Appeal Agent is available to advise him on matters relating to his legal rights, including his right of appeal.

"2. If the registrant desires to consult the Government Appeal Agent, he should notify the local board clerk, who will arrange a time and place for such meeting.

"3. When the Government Appeal Agent is not available at the time, and the registrant wishes advice, the local board clerk will arrange a meeting with an Associate Government Appeal Agent or an Advisor to Registrants."

/s/ "Lewis B. Hershey,
"Director"

that the board had not complied with this memorandum directive and that SSS Form 110 mailed to Davis did not advise him of the available assistance of an appeal agent.

Davis did not appeal his classification, and after passing his physical examination, he was, on May 10, 1968, ordered to report for induction. He reported as ordered on May 27, 1968, refused to step forward, and stated that he was refusing induction.

At the trial below, the registrant attempted to direct the court's attention to his selective service file and the material contained in it tending to support both conscientious objector status and ministerial status. Counsel for the registrant urged upon the district court the failure of the local board to comply with Memorandum No. 82 and urged that in these circumstances the court was under a duty to examine the file to consider whether the 1–A classification had some "basis in fact." Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59 (1947); Estep v. United States, 327 U. S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). The district judge accepted the position taken by the Assistant United States Attorney that "this court does not examine the file to determine whether or not there was a basis in fact for the classification."

█ Whichever the reason, whether the court believed it never had a duty to review selective service files, or whether it thought Davis was not entitled to the limited review permitted by Estep v. United States, supra, because of his failure to appeal his classification administratively, we think it was error to refuse to examine the file. In our view, the local board's non-compliance with Memorandum No. 82 presented exceptional circumstances excusing Davis' failure to appeal administratively.

Some of the sanctity that the inferior federal courts have seemed to put around the judge-made doctrine of exhaustion of administrative remedies has, in the context of selective service cases, been removed by the very recent opinion of the United States Supreme Court in McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (May 26, 1969).

McKart held that a registrant claiming the status of "sole surviving son" is entitled to challenge in the district court the validity of his 1–A classification by the board although he failed to appeal his classification and failed to offer any excuse whatsoever for his disregard of the administrative appeal procedure. Although McKart indicated that cases involving ministerial or conscientious objector claims "may well have to be pursued through the administrative procedures provided by the Selective Service laws," [2] we think what was said there is not without application here.[3]

Mr. Justice Marshall speaking for a unanimous Court said: "In Selective Service cases, the exhaustion doctrine must be tailored to fit the peculiarities of the administrative system Congress has created."[4] And speaking of Falbo v. United States, 320 U.S. 549 (1944), and Estep v. United States, supra, insofar as they concern the exhaustion doctrine, Mr. Justice Marshall went on to say: "Neither those two cases, nor any of the other cases decided by this Court, stand for the proposition that the exhaustion doctrine must be applied blindly in every case."[5]

Mr. Justice White, concurring in the result in McKart, made it quite plain, we think, that the inferior federal

2. McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194.

3. We recently refused to consider a registrant's claim to conscientious objector status because of failure to administratively appeal and failure to offer any excuse for such failure. Our decision was vacated with instructions to reconsider in the light of McKart. United States v. McNeil, 401 F.2d 527 (4th Cir.), vacated and remanded, 395 U.S. 463, 89 S.Ct. 2025, 23 L.Ed.2d 446 (June 9, 1969).

4. McKart v. United States, supra, at 195, 89 S.Ct., at 1663.

5. Id. at 200, 89 S.Ct., at 1666.

courts are not to blindly or automatically refuse judicial review of the scope permitted by Estep v. United States, *supra*, without considering the special circumstances of each case that may excuse a registrant's failure to exhaust appellate remedies within the Selective Service System. He noted that omission of the administrative appellate step is not at all the same thing as permitting a registrant to by-pass consideration of his contention by his local board. "Undoubtedly, Congress could require such exhaustion [of appellate remedies] as a prerequisite to judicial review, see, *e. g.,* Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944), but Congress has not chosen to do so."[6]

■ We think *McKart* undermines the rule in this and other circuits that in conscientious objector and ministerial status cases the district court ordinarily need not examine the selective service file to determine whether or not there exists a basis in fact for the 1–A classification unless the registrant has appealed to the Administrative Appeal Board.[7] However that may be, it is now well established that special circumstances may excuse the registrant from the ordinary consequences of his failure to administratively appeal and that the district court must consider whether the omission should be excused.[8]

■ We hold that where a registrant has not been afforded by the board information or assistance required to be given him to assist him in deciding whether to appeal administratively, he is not subsequently barred in a criminal prosecution from questioning the classification.

We think that the failure of the board to inform Davis that a Government Appeal Agent was available to advise him on matters relating to his legal rights, including his right of appeal, and that the board clerk would arrange a meeting with the Appeal Agent if Davis desired it, denied Davis a substantial right, the value of which is not now ascertainable. We cannot assume that the advice of an Appeal Agent would have been worthless to Davis, and without that assumption we cannot hold the failure to advise him harmless. If an Appeal Agent does nothing more than advise a registrant that he may lose his right to contest his classification when he is criminally prosecuted in the district court by failure to administratively appeal, it would seem to be worthwhile. Notice of Classification Form SSS 110 did not here so advise the registrant.

Since Davis was denied the assistance and advice that he was entitled to have under Local Board Memorandum 82, we think the government is estopped to insist that his failure to do the very thing he should have been advised about (appeal) bars his right to judicial review of his classification. Under the circumstances, Davis did not forfeit his right in the criminal proceeding in the district court to have the district judge examine the file to see whether there was a basis in fact for the 1–A classification.[9]

6. *Id.,* at 206, 89 S.Ct., at 1669.

7. United States v. Crowley, 405 F.2d 400 (4th Cir. 1968); United States v. Grundy, 398 F.2d 744 (3d Cir. 1968); Mahan v. United States, 396 F.2d 316 (10th Cir. 1968); Campbell v. United States, 396 F.2d 1 (5th Cir. 1968); Edwards v. United States, 395 F.2d 453 (9th Cir. 1968); DuVernay v. United States, 394 F.2d 979 (5th Cir. 1968); United States v. Dyer, 390 F.2d 611 (4th Cir. 1968); Dunn v. United States, 383 F.2d 357 (1st Cir. 1967); Thompson v. United States, 380 F.2d 86 (10th Cir. 1967).

8. McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (concurring opinion of Mr. Justice White); Lockhart v. United States, 1 S.S.L.R. 3204 (9th Cir. No. 21,311, October 23, 1968); Mahan v. United States, *supra;* Thompson v. United States, *supra;* Osborn v. United States, 319 F.2d 915 (4th Cir. 1963); Donato v. United States, 302 F.2d 468 (9th Cir. 1962).

9. "[It] is fully established that we may make our own independent examination of the record to ascertain the existence of a basis in fact for the classification."

■ One of the essential elements of guilt in refusing induction is the validity of the 1–A classification. When that classification is assailable, as here, it is the duty of the district judge to examine the file to see if it is founded upon some basis in fact. He may, of course, be assisted by the United States Attorney and defense counsel, who may quickly, in most cases, direct his attention to those parts of the file germane to the contention. Where no such examination occurs in the district court in a case where it is required, as here, the validity of the 1–A classification is simply undetermined, and since that validity is one of the essential elements of the offense charged, the conviction cannot stand.

We have carefully considered whether we ought to grant Davis a new trial and remand to the district court with instructions to the district judge to examine the file to determine whether a basis in fact exists for the classification. But for two reasons we are persuaded it is better to reverse and remand for entry of a judgment of acquittal: (1) A new trial will not accord Davis the benefit he was entitled to have under Memorandum No. 82. He cannot now be given the benefit of the advice of an Appeals Agent and the possible benefit of resort to the administrative appeal. From the cases which have come before us, the possibility has been ofttimes demonstrated that the Appeal Board may conclude differently from the local board upon a record on which, under our limited scope of review, we would be required to sustain either classification. (2) From the point of view of the government, no special benefit flows from the right to try Davis again on this indictment, for he may at any time again be reclassified [10] and, if there should be a

basis in fact for a 1–A classification, may be again ordered to report for induction and, upon refusal, may be reindicted.

■ At arraignment Davis, through his counsel, asked the court for trial by jury. Apparently on the theory that it had never been done before, the request was denied. Davis did not waive trial by jury, either informally or in accordance with Rule 23 of the Federal Rules of Criminal Procedure which requires that any such waiver be in writing. The Sixth Amendment provides that an accused shall enjoy the right to trial by an impartial jury in all criminal prosecutions. Whatever may be the difficulty in drawing the line between petty misdemeanors, misdemeanors and felonies, we think it beyond argument that one who is accused of a felony for which the punishment may be as much as five years' imprisonment and $10,000 fine may not be denied the right to trial by jury.

■ The government urges, however, that there is nothing for a jury to try. Davis, through his counsel in open court, stipulated that he failed and refused to step forward and refused induction into the Armed Forces. The answer to the conceptual difficulty—the contention that there is nothing for a jury to try —is that there is always the issue of guilt. Moreover, we anticipate no great increase in demands for jury trials in such cases. Because the question of the validity of a classification is not for jury determination, Cox v. United States, *supra*, the district judge may peremptorily instruct the jury that they will not consider the question of classification, and that if they believe the stipulation or the testimony, as the case may be, as to refusal of induction, it would be their duty to return a verdict

United States v. James (4th Cir. No. 12,-919 June 26, 1969). Although we think it unnecessary to disposition of this case, we note that the file discloses nothing that remotely suggests lack of good faith in Davis' claimed status as a conscientious objector. Nor do we find any indication of board rejection of credibility.

10. We think reclassification necessary in order to protect his right to an administrative appeal and the assistance of a government appeal agent—in the event his claimed status should be again denied by his local board.

of guilty. Even so, Davis and others like him are entitled to hear, if they wish, the verdict from a jury of their peers rather than from the court and to hope, however irrationally, for acquittal.

Reversed.