**UNITED STATES of America,**
**Appellee,**

**v.**

**Vincent James HOUSTON, Appellant.**

**No. 272, Docket 34550.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 16, 1970.

Decided Oct. 28, 1970.

Robert H. Hermann, The Legal Aid Society, New York City (Milton Adler, The Legal Aid Society, New York City, on the brief), for appellant.

Vincent J. Favorito, Asst. U. S. Atty. (David G. Trager, Asst. U. S. Atty., of

counsel; Edward R. Neaher, U. S. Atty., Eastern District of New York, on the brief), for appellee.

Before CLARK, Associate Justice,* LUMBARD, Chief Judge, and KAUFMAN, Circuit Judge.

PER CURIAM:

The sole question presented on this appeal is whether Houston's conviction for refusing to report for induction into the armed forces in violation of 50 U.S.C. App. § 462(a), is vitiated by infirmities in the procedures by which his local draft board rejected his application to be classified as a conscientious objector.

Besides Houston himself, the only witness at his trial[1] was Mrs. Joyce Cook, the Executive Secretary of Houston's local draft board, No. 46, in Brooklyn, New York. Mrs. Cook testified that Houston, shortly after registering with the board on August 25, 1966, returned to the board a classification questionnaire (SSS Form 100) in which he claimed "to be a conscientious objector by reason of * * * religious training and belief * * *" and requested that the board send him the standard "Special Form for Conscientious Objector" (No. 150). Houston received this form, answered the questions, and remailed it on October 13. Responding with an economy of language to the various questions on the form, Houston indicated that he "believe[d] in nonviolence" and did not "believe one Race of people are Superior to another," tenets he derived from "listening to [his] parents." He had formerly attended a Baptist Church but had not found "religious guidance" that he "like[d]" since moving from Michigan to New York. He did not believe in a Supreme Being.

On November 16, 1966, the board sent Houston a Selective Service Form 110, notifying him that he had been reclassified I–A and that he had a right to request a personal appearance before the board and to appeal the board's classification to the state appeal board. See 32 C.F.R. §§ 1624.1, 1624.2 (1970). Houston neither asked for an interview nor attempted to appeal.

Nor did he then pursue the matter of his claimed conscientious objection to combatant service. On a "Current Information Questionnaire" (Form No. 127) which Houston returned to the board on February 15, 1967, Houston failed to present any new information relevant to that claim in the space provided for that purpose. Although Houston himself in no respect renewed his application for classification as a conscientious objector, the board of its own volition interviewed Houston about that subject on November 21, 1967. Minutes of the meeting signed by two members of the local board record that Houston said on that date that he "believe[d] in a just war" and "would bear arms if we were attacked" but felt that "America is an aggressor at this time." These beliefs were the basis for his objection to combatant service. On December 1, 1967, the board notified Houston that the evidence submitted by him did not justify a reopening of his classification. His refusal to submit to induction followed some four months later.

Absent some special justifying circumstances, we may. not look beyond Houston's failure to avail himself of the Selective Service's administrative mechanism for testing the nature and depth of Houston's conscientious beliefs. United States v. McGee, 426 F.2d 691, 696–700 (2d Cir.), cert. granted, 400 U.S. 864, 91 S.Ct. 101, 27 L.Ed.2d 103 (1970). Unlike the question of law at issue in McKart v. United States, 395 U.S. 185,

---

* United States Supreme Court, retired, sitting by designation.

1. Following a hearing at the beginning of his trial on his motion to dismiss the indictment, Houston waived a jury trial. The District Court then found that Houston received a notice to report for induction and knowingly failed to submit to such induction.

89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), Houston's claim "requir[es] the application of expertise [and] the exercise of discretion" on the part of the local and appellate Selective Service boards. *Id.* at 198 n. 16, 89 S.Ct. at 1665. Considerations of judicial efficiency and administrative integrity—factors discussed at length in *McKart, id.* at 197–200, 89 S.Ct. 1657, and decisive to the question whether we must insist on exhaustion—all require that we do so here. For example, if Houston had requested a hearing or an appeal, his "selective" objection to only "unjust" wars would presumably have emerged. We would frustrate administration of the Selective Service System by permitting a registrant first to stand aloof from the process designed to bring such possibly determinative facts to light, see Welsh v. United States, 398 U.S. 333, 340, 90 S.Ct. 1792, 1796, 26 L.Ed.2d 308 (1970) (opinion of Black, J.) (require a conscientious objection to "participating in any war at any time"), and then to challenge the firmness of the factual foundation for his draft board's discretionary actions. Since we perceive no mitigating circumstances here,[2] Houston's conviction must be affirmed. See Thompson v. United States, 380 F.2d 86 (10th Cir. 1967).

Since Houston failed to exhaust his administrative remedies, we need not consider his contention that he was denied due process of law because his draft board failed to give any reasons for its initial classification. See United States v. Morico, 415 F.2d 138 (2d Cir. 1969). Nor do we reach the question whether there was a "basis in fact" for that classification. See Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

2. In United States v. Harris, 302 F.Supp. 1194 (D.Or.1968), defendant's failure to exhaust the same administrative remedies as were available to Houston was excused because Harris, who had completed only an 8th-grade education at age 16, was able to read "with difficulty." By contrast, Houston is a high school graduate. Nothing appears to indicate that he is other than of normal intelligence. Similarly, in United States v. Davis, 413 F.2d 148 (4th Cir. 1969), exhaustion was excused because Davis's local board failed to abide by a directive from General Hershey (Local Board Memorandum No. 82) requiring local boards to notify registrants of the names of their government appeals agents. This directive was issued on March 6, 1967; Houston was classified I–A on November 16, 1966.