**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Douglas James FARRELL, Defendant-Appellant.**

No. 25629.

United States Court of Appeals, Ninth Circuit.

May 25, 1971.

Rehearing Denied June 16, 1971.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

John F. Walter, Asst. U. S. Atty., (argued), George G. Rayborn, Asst. U. S. Atty., David R. Nissen, Chief, Criminal Division; Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, BROWNING and CARTER, Circuit Judges.

PER CURIAM:

Farrell was indicted and convicted in the distict court for violation of 50 U.S. C. App. § 462, refusing to submit to induction into the military service. On appeal, Farrell asserts numerous errors in his classification process. We affirm.

1. *Refusal to Reopen to Consider C. O. Claim.*

 Farrell asserts that the local board's refusal to reopen his I–A classification to consider his conscientious objector claim was improper and a denial of due process. Farrell did not assert a claim of conscientious objector status until *after* his induction order had been mailed. Thus, the board was without authority to reopen Farrell's classification under 32 C.F.R. § 1625.2 because

crystallization of conscientious objector beliefs is not a change of status resulting from circumstances beyond Farrell's control. Ehlert v. United States (9 Cir. en banc 1970) 422 F.2d 332, aff'd 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971).

2. *Denial of II–S Classification.*

■ Farrell asserts that the board improperly denied his request for a II–S (student) deferment. Loyola University notified the local board of Farrell's enrollment. The regulations provide, however, that the *registrant* must make a written request for a II–S deferment [32 C.F.R. § 1622.25]. The local board clerk informed Farrell of the regulation's requirements. Farrell simply did not, at any time, make a written request for the deferment. Soon thereafter, Farrell withdrew from all classes at the university. We cannot find that the board erred, in any regard, by denying Farrell a II–S deferment.

3. *Denial of II–A Classification.*

■ Farrell contends that the local board was without basis in fact in denying his request for a II–A (occupational) deferment. Farrell was an engineer with specialized technical training, but his employer's letter on his behalf to the board did not assert that he could not be replaced. Accordingly, Farrell did not establish the requisite facts to entitle him to a II–A deferment under 32 C.F.R. § 1622.23. Wallace v. United States (9 Cir. 1970) 435 F.2d 12; United States v. Kanner (9 Cir. 1969) 416 F.2d 522. The board's denial was proper.

4. *Constitutionality of Conscription.*

■ Finally, Farrell asserts that the Selective Service Act violates the Ninth Amendment of the Constitution. This contention is without merit. United States v. Uhl (9 Cir. 1970) 436 F.2d 773; Harris v. United States (9 Cir. 1969) 412 F.2d 384.

The judgment of the district court is affirmed.