**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Mario Stevens LOPEZ, Defendant-
Appellant.**

**No. 26856.**

United States Court of Appeals,
Ninth Circuit.

Aug. 31, 1971.

---

Stanley J. Friedman, San Francisco, Cal., for defendant-appellant.

Robert L. Browning, U. S. Atty., John G. Milano, James Hazard, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HAMLEY and CHOY, Circuit Judges, and JAMESON,* District Judge.

JAMESON, District Judge:

Appellant was convicted of refusing to submit for induction into the armed forces in violation of 50 U.S.C.App. § 462. The sole issue is whether the conviction should be reversed because of the failure of appellant's local board to advise him of his right to consult a government appeal agent.

On March 2, 1967 appellant was classified I-A. On March 6 the National Director of Selective Service issued Local Board Memorandum 82, which re-quired local boards, "at the time the Notice of Classification (SSS Form 110) is mailed," to notify a registrant classified I-A, I-A-O, or I-O, "of the name of the Government Appeal Agent and inform the registrant that the Government Appeal Agent is available to advise him on matters relating to his legal rights, including his right of appeal." On the following day, March 7 SSS Form 110 was mailed to appellant advising him of his I-A classification. He was not advised of the availability of the Government Appeal Agent pursuant to Local Board Memorandum 82.[1]

Appellant did not appeal his classification, did not enter a personal appearance before his local board, and as far as shown by the record did not consult any local board.[2] On October 30, 1967 appellant was mailed a statement of acceptability (DD Form 62). On December 26, 1968 he was mailed an order to report on January 16, 1969. He did so and was found acceptable, but refused to submit to induction.

In urging reversal appellant relies on United States v. Davis, 4 Cir.1969, 413 F.2d 148. Davis, a member of the Jehovah's Witness sect, had completed SSS Form 100 claiming a ministerial exemption and SSS Form 150 claiming the status of a conscientious objector. Six months later he was classified I-A,[3] and no appeal was taken. Upon refusing induction he was convicted. In reversing the court of appeals held that the district court erred in refusing to examine Davis's selective service file and that the "local board's non-compliance with Mem-

---

* Honorable William J. Jameson, United States Senior Judge, Billings, Montana, sitting by designation.

1. On the reverse side of SSS Form 110 mailed to appellant there did appear in bold type "NOTICE OF RIGHT TO PERSONAL APPEARANCE AND APPEAL" (followed by explicit instructions) and "FOR INFORMATION AND ADVICE, GO TO ANY LOCAL BOARD."

2. Prior to trial the file was examined by appellant's counsel. Counsel for the Government in their trial memorandum urged the court "to review the registrant's entire Selective Service file and determine if there was a basis in fact for the registrant's I-A classification." There is no contention that the trial judge did not do so.

3. In Davis, the registrant was classified I-A on March 16, 1967, ten days after the issuance of Local Board Memorandum 82. Apparently his SSS Form 110 was mailed to him on the same day. The local board failed to comply with Memorandum 82. 413 F.2d at 149.

orandum No. 82 presented exceptional circumstances excusing Davis' failure to appeal administratively."[4] 413 F.2d at 150.

The crucial distinction between the instant case and Davis is that appellant did not, either before or after his classification as I-A, make application for conscientious objector status or in any way make manifest to his local board his opposition to war. There was no possible basis for an appeal. Nor is there any contention that the district court refused to examine appellant's selective service file. An examination of the file clearly disclosed that no issue had been presented to the draft board.

While McKart v. United States, supra, holds that when "special circumstances" are present, failure to exhaust administrative remedies will not bar the courts from inquiring into the validity of a selective service classification, it does not hold that the courts may make this inquiry when no issue whatever is raised before the draft board. See McGee v. United States, 1971, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47.[5] In the 26 months from appellant's registration to his reporting for induction, he did not attempt to present to his local draft board the issue of his conscientious objection or any other evidence which might cast doubt on the validity of his I-A classification. It is clear that there was no basis in fact for any other classification.

Under these circumstances no prejudice was shown and it cannot be said

that registrant's failure to appeal was the result of "exceptional circumstances." Lockhart v. United States, 9 Cir.1969, 420 F.2d 1143, 1147.[6]

Affirmed.

---

4. The court concluded that the decision of the Supreme Court in McKart v. United States, 1969, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 had undermined the rule that "in conscientious objector and ministerial status cases the district court ordinarily need not examine the selective service file to determine whether or not there exists a basis in fact for the I–A classification unless the registrant has appealed to the Administrative Appeal Board." 413 F.2d at 151.

5. See also note 15, McKart v. United States, 395 U.S. at 198, 89 S.Ct. 1657, and concurring opinion of Mr. Justice White, Id. at 204, 89 S.Ct. 1657.

6. See also Frank v. United States, 9 Cir. 1956, 236 F.2d 39, 43; Edwards v. United States, 9 Cir. 1968, 395 F.2d 453, cert. den. 1968, 393 U.S. 845, 89 S.Ct. 128, 21 L.Ed.2d 115; United States v. Enslow, 9 Cir. 1970, 426 F.2d 544.