**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Anthony NOBILE, Defendant-Appellant.**

**No. 71–1981.**

United States Court of Appeals, Ninth Circuit.

Nov. 16, 1971.

Richard P. Fox, Los Angeles, Cal. for appellant.

D. Henry Thayer, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, BROWNING and CARTER, Circuit Judges.

PER CURIAM:

James Anthony Nobile appeals from his conviction in the United States District Court for violation of 50 U.S.C. App. § 462, refusal to be inducted into the armed services pursuant to the Military Selective Service Act of 1967. We affirm.

Appellant argues that his order to submit to induction was invalid because of improprieties in his physical examination. Specifically, he alleges prejudicial error warranting reversal of his criminal conviction because (1) he was accorded a two-day series of urine tests for the presence of sugar rather than a three-day series, and (2) he was not afforded the opportunity to have further tests performed by a private physician. There is no merit in these contentions.

The regulations giving rise to the need for a three-day test and further private tests do not grant these rights unless the Armed Forces Entrance and Examination Station personnel initially find a positive reading for the presence of sugar. Policy Guide for Medical Officers Assigned to Armed Forces Examining and Entrance Stations, USARC pam. 40–3, Sec. II, 3.d.(3); Utilization

of USAREC Form 177, USAREC Reg. 40–3. No such reading was found.

Moreover, as appellant acknowledges, prejudice must be shown in the administrative action complained of to warrant reversal of a criminal conviction. United States v. Harris (9 Cir. 1970), 436 F.2d 775, 777; Knox v. United States (9 Cir. 1952), 200 F.2d 398, 401. Even had a case been made that he was denied proper procedures, appellant has failed to show any prejudice therefrom. In view of the negative readings during the two day series, any further readings would not have altered the findings of fitness.

Affirmed.