**UNITED STATES of America**

v.

**Frank Busser PURCELL.**

**Crim. No. 71–432.**

United States District Court, D. Massachusetts.

March 22, 1972.

Joseph L. Tauro, U. S. Atty., Alan R. Hoffman, Asst. U. S. Atty., for plaintiff.

Michael N. Pollet, Karpatkin, Ohrenstein & Karpatkin, New York City, for defendant.

## OPINION

CAFFREY, District Judge.

Defendant Frank B. Purcell was indicted in a one-count indictment charging him with violation of 50 App. United States Code, Section 462, in that he did fail and neglect and refuse to comply with an order of his local draft board to submit to induction. Purcell waived trial by jury, the case was tried to the Court, and at the conclusion of the Government's case the defendant filed a motion for judgment of acquittal which was briefed by the parties.

The facts may be summarized as follows: The defendant duly registered with his local draft board and after receiving 2–S classifications while attending Harvard College, from which he graduated in 1966, and Columbia Graduate School from which he graduated in 1968, he was reclassified 1–A on October 23, 1968. He wrote to his local board requesting classification as 1–O (conscientious objector) on November 15 and December 19, 1968. He also filed an SSS Form 150 relative to his claim of conscientious objection with the local board. He requested and was granted a personal appearance before the board on January 22, 1969, after which the board denied his request for 1–O classification and continued him in 1–A.

On February 13, 1969, defendant requested an appointment with a Government appeal agent, having been advised of his right to such an appointment by SSS Form 217 sent to him by the local board. On the Government's evidence it is uncontradicted that the local board with which Purcell was registered did not have a Government appeal agent nor did it have an associate Government appeal agent. It is equally uncontested that although authorized so to do by regulation 32 C.F.R. 1604.71(d), and by local board Memorandum No. 82, Purcell's board failed to obtain the services of an appeal agent from another local board to grant Purcell the requested interview. The only action taken in response to his request for an appointment with an appeal agent was a referral of Purcell to Lieut. Colonel Remo G. Gandin, who is presently the Manager of the Operations Division, Massachusetts Selective Service Headquarters. Colonel Gandin has been employed by the Selective Service System since March 1951. He is not an attorney at law nor has he attended law school at any time. Purcell had an interview with Colonel Gandin on February 28, 1969. Thereafter, the Massachusetts State Appeal Board denied an appeal taken to that Board by Purcell and continued him in Class 1–A. On May 19, 1969, the local board issued an order directing him to report for induction on June 5, 1969. He failed to so report and the instant indictment was subsequently returned.

32 C.F.R. 1604.71 provides in pertinent part:

"(a) For each local board a government appeal agent shall be appointed by the President upon recommendation of the Governor.

.    .    .    .    .

(c) Each government appeal agent and associate government appeal agent shall be, whenever possible, a person with legal training and experience.

(d) It shall be the duty of the government appeal agent and in his absence or inability to act or at his direction, the duty of the associate government appeal agent:

(1) To appeal . . . from any classification of a registrant by the local board which . . . in his opinion, should be reviewed by the appeal board.

.    .    .    .    .

(3) To suggest to the local board a reopening of any case where the interests of justice, in his opinion, require such action. .    .    .

> (5) To be equally diligent in protecting the interests of the government and the rights of the registrant in all matters."

32 C.F.R. 1626.61 provides in pertinent part as follows:

> ". . . (b) At any time before the registrant is mailed an Order to Report for Induction . . . the government appeal agent . . . may prepare and place in the registrant's file a recommendation that the State Director of Selective Service either request the appeal board to reconsider the determination or appeal to the President. . . ."

In 1967, the then Director of Selective Service, Lewis B. Hershey, issued Local Board Memorandum No. 82 which provided in pertinent part:

> "Whenever a local board places a registrant in . . . Class 1–A . . . it shall . . . also inform the registrant that the government appeal agent is available to advise him on matters relating to his legal rights including his right of appeal."

The narrow question presented on the uncontested facts recited above is whether the denial to defendant of an interview with a Government appeal agent was sufficiently prejudicial to him as to render illegal the order for induction with which he refused to comply.

In Steele v. United States, 240 F.2d 142 (1956), the Court of Appeals for this Circuit ruled that a local board's failure to comply with the regulation regarding a government appeal agent was not by and of itself sufficient to render illegal an order to report for induction. The Court noted, additionally, that violation of the regulation must result in prejudice to the registrant before it vitiates the legality of the order. Significantly, however, the Court then went on to rule that once it appears that a procedural right has been denied the registrant, the burden of proof beyond a reasonable doubt rests on the Government "to establish as part of its case that depriva-tion of the right to counsel and aid of advisors could in no way have harmed appellant." (p. 146) Speaking for the Court, Judge Woodbury also noted :

> "Once [defendant shows that he has been denied a procedural right to which he was entitled under the regulations] it would seem only a natural application of the traditional burden of proof to require that the prosecution prove beyond a reasonable doubt that the denial of the procedural safeguard has not prejudiced the defendant." (p. 146).

A similar ruling was made by the Supreme Court in Simmons v. United States, 348 U.S. 397, 405–406, 75 S.Ct. 397, 402, 99 L.Ed. 453 (1955). There, the Court held that once a defendant in a criminal case had established that he had been denied a procedural right by his draft board, he "need not specify the precise manner in which he would have used this right—and how such use would have aided his cause—in order to complain of the deprivation."

With the passage of time several Circuits have gone still further than either of the above-quoted decisions with regard to the protection of rights of defendants under the Selective Service law. In United States v. Fisher, 442 F.2d 109 (7 Cir. 1971), a case involving a local board's failure to properly advise a registrant as to the identity of his Government appeal agent, the court held:

> "The failure of the board to fulfill these duties has denied Fisher procedural due process and precludes his conviction under the instant indictment." (p. 114).

The Court of Appeals for the Fourth Circuit has made a similar ruling with regard to the failure of a local board to properly advise a registrant as to the availability of an appeal agent. In United States v. Davis, 413 F.2d 148 (4 Cir. 1969), the court stated:

> "We think that the failure of the board to inform Davis that a Government Appeal Agent was available to advise him on matters relating to his

legal rights . . . and that the board clerk would arrange a meeting with the Appeal Agent if Davis desired it, denied Davis a substantial right, the value of which is not now ascertainable. We cannot assume that the advice of an Appeal Agent would have been worthless to Davis, and without that assumption we cannot hold the failure to advise him harmless." (p. 151).

The *Fisher* and *Davis* opinions indicate that the denial of procedural rights probably was, in fact, prejudicial to the registrants involved in those cases. However, in *Fisher*, as an alternative ruling, the Court took the position that failure to make available an appeal agent to a registrant was prejudicial *per se* and consequently rendered illegal the order for induction.

A somewhat analogous approach to that taken in *Fisher* and *Davis* was recently enunciated by the Court of Appeals for this Circuit in United States v. Flannery, 451 F.2d 880 (1 Cir. 1971), where the procedural rights of the defendant were invaded at the trial by an improper prosecution comment on defendant's failure to take the witness stand during the trial of a criminal case. The court stated:

"Hereafter, as to cases tried after the date of this opinion . . . we shall not endeavor to weigh prejudice, but shall rule it prejudicial as a matter of law . . ." (p. 882).

This would appear to be another shorthand method of expressing the idea that before the Government can successfully convict anyone of violation of the law, the Government agency itself must have fully complied with all arguably material provisions of the law and any regulations promulgated thereunder. Thus, I rule that this is not an appropriate case for this court, as the finder of fact, to speculate as to whether or not Purcell was prejudiced by the obvious denial to him of procedural due process by the failure of the Selective Service System to provide him with a Government appeal agent, but, on the contrary, I rule

that the result of this case is directed by the language of Judge Woodbury in the *Steele* case, *supra*, where he observed:

"We take the view that the burden is on the Government to establish as part of its case that deprivation of the right to counsel and aid of advisors could in no way have harmed the appellant. In this we think the Government has failed, for the evidence, as we read it, indicates a reasonable possibility, if not probability, of prejudice to the defendant-appellant, and that we believe is all that is required to entitle him to acquittal." (240 F. 2d p. 146).

Consequently, defendant's motion for a judgment of acquittal is allowed.

Order accordingly.