UNITED STATES of America, Plaintiff-Appellee,

v.

Benjamin Franklin MOSES, Jr., Defendant-Appellant.

No. 74–2831
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 30, 1975.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Jack V. Eskenazi, Federal Public Defender, Michael Brodsky, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., David F. McIntosh, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Benjamin Franklin Moses appeals from his conviction of knowing failure to report for induction, Title 50, App., U.S.C., Section 462. We affirm.

Moses does not contest the fact that he wilfully and knowingly failed to appear for induction into the Armed Forces of the United States.[1] Instead he urges

1. The pertinent facts were stipulated by the parties and counsel as follows:

"1. That the defendant was a person liable to be called for service in the armed forces of the United States, having a date of birth of June 1, 1951, a place of birth of Quincy, Florida.

2. That the defendant was timely registered with his Local Board No. 147, Delray Beach, Florida, on July 23, 1970, and was given Selected Service Number 8–147–51–989.

3. That the defendant submitted to his Local Board a Selective Service System Classification Questionaire in his own handwriting dated July 23, 1970, in which he stated that he had graduated from high school in June of 1970. Enclosure # 1.

4. That the defendant was correctly classified by his Local Board on May 11, 1972 as "1–A" and was thereafter examined and found fully acceptable for induction into the Armed Forces by the AFEES, Coral Gables, Florida. Enclosure # 2.

5. That the defendant was mailed an order on August 4, 1972 by his Local Board to report for induction on September 6, 1972, but failed to appear. Enclosures # 3 and # 3(a).

6. That Martha H. Clayton, Executive Secretary of Local Board No. 147, had a telephone conversation with the defendant's mother on October 31, 1972, in which the defendant's mother stated that the defendant was then attending the University of Houston and was expected home about December 16, 1972. Enclosure # 4.

7. That on November 1, 1972, Mrs. Clayton wrote to the State Headquarters of the Selective Service System, St. Augustine, Florida, for further instructions; and, on November 3, 1972, State Headquarters recommended to her that the defendant be rescheduled for induction on December 27, 1972. Enclosure # 6.

8. That on November 6, 1972, defendant's Local Board rescheduled him for induction on December 27, 1972, using SSS Form 253, "Notice of Rescheduled Induction Reporting Date." Enclosures # 7 and # 7(a).

9. That the defendant appeared as ordered at Delray Beach, Florida on December 27, 1972, and was placed on the bus to Miami (with registrant Richard Rowe Riley) by Mrs. Martha Clayton who directed both registrants to proceed to Miami, Florida, and thence to the AFEES Station, Coral Gables, Florida, for induction into the Armed Forces of the United States.

10. That after arrival of the defendant and registrant Riley in Miami, Florida on December 27, 1972, the defendant did wilfully and knowingly fail to appear at the AFEES Station, Coral Gables, Florida, for induction into the Armed Forces of the United States as he had been instructed to do by Mrs. Clayton of Local Board No. 147. Enclosure # 8.

11. That thereafter, in January of 1973, the defendant returned to Houston, Texas, without having contacted the Selective Service System.

12. That on April 24, 1973, the defendant was interviewed by FBI agents at 4361 Wheeler, Room 103 Taub Hall, University of Houston, Houston, Texas, and the defendant stated that he was enrolled as a freshman at the University of Houston.

13. That on May 2, 1973, Local Board No. 147 received an unsigned letter from the defendant, the envelope of which contained his Houston, Texas address. Enclosure # 9.

14. That until Local Board No. 147 received the defendant's unsigned letter on May 2, 1973, the defendant had never informed his

that the induction order under which he was indicted was invalid, thereby nullifying the obligation on his part to comply. Moses points out that his mother had informed the Executive Secretary of his local draft board over the telephone that he was attending the University of Houston. Moses then urges that the Executive Secretary's failure to convey that information to the entire board for consideration of a postponement of induction pursuant to Title 50 App., U.S.C., Section 456(i)(1) and (2)[2] invalidated the subsequent "rescheduled" induction order, the date of which was selected by the Executive Secretary upon the recommendation of the State Director of the Selective Service System.

Moses relies heavily on our decision in United States v. Jackson, 5 Cir. 1972, 454 F.2d 821, in which case we held an induction order invalid because a draft board clerk failed to submit to the entire board a physician's letter stating that Jackson was suffering from functional hypoglycemia. After admonishing that, "it is for the local board and not the clerk to determine the merits of classification questions," 454 F.2d at 824, we specifically held that Jackson "*presented an arguable case* (for reclassification on medical grounds) and that the board, which has great discretionary authority, must first fulfill its responsibility by considering whether the information meets the standards set out in the Regulations." (emphasis supplied) 454 F.2d at 825. Moses' position, therefore, hinges upon whether the information in the hands of the Executive Secretary presented at least an arguable case for a student deferment. We find that it did not.

In order to qualify for a student postponement of an induction order, the student must not only fit within the statutorily defined class of deferable students but must also have the appropriate facts pertaining thereto presented to the local board. Title 50 App., U.S.C., § 456(i)(1) & (2), Note 2, supra. The burden of proving an entitlement to student deferment was clearly on Moses. See United States v. Brooks, 6 Cir. 1969, 415 F.2d 502, 506; 32 CFR § 1622.25(d). At the time Moses' induction order was rescheduled, the only information the board had pertaining to his alleged sta-

Local Board that he was enrolled in any type of schooling.

15. That the defendant has never informed his Local Board of any change of his home address.

16. That the defendant began attending a High School Equivalency Program sponsored by the Office of Economic Opportunity at the University of Houston on August 7, 1972.

17. That the defendant applied for and subsequently became a registered voter (Registration # A–857072) of Harris County, Texas, August 25, 1972. Enclosure # 10.

18. That the High School Equivalency Program at the University of Houston ended December 1, 1972, and the defendant was awarded his "G.E.D." diploma.

19. That on or about January 15, 1973, the defendant initially enrolled as a freshman at the University of Houston and is presently still enrolled at the University of Houston.

20. That the defendant is the person named in the indictment No. 74–10–Cr–CF."

The designations, "Enclosure # 1," et cetera, refer to supporting documents attached to the written stipulation.

**2.** Title 50 App., U.S.C., Sec. 456(i): (1) Any person who is satisfactorily pursuing a full-time course of instruction at a high school or similar institution of learning and is issued an order for induction shall, *upon the facts being presented to the local board,* have his induction postponed (A) until the time of his graduation therefrom, or (B) until he attains the twentieth anniversary of his birth, or (C) until he ceases satisfactorily to pursue such course of instruction, whichever is the earliest. Notwithstanding the preceding sentence, any person who attains the twentieth anniversary of his birth after beginning his last academic year of high school shall have his induction postponed until the end of that academic year if and so long as he continues to pursue satisfactorily a full-time course of instruction.

(2) Any person who while satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution is ordered to report for induction under this title [sections 451, 453, 454, 455, 456, and 458 to 471a of this Appendix], shall, *upon the appropriate facts being presented to the local board,* have his induction postponed (A) until the end of the semester or term, or academic year in the case of his last academic year, or (B) until he ceases satisfactorily to pursue such course of instruction, whichever is the earlier. (emphasis added)

tus as a student was his signed statement that he had graduated from high school in June of 1970 and his mother's uncorroborated oral statement over the telephone on October 31, 1972 that he was attending the University of Houston. While this information may have served to put the board on notice of the *possibility* that Moses was a deferable student, it did not even arguably infer that he was *"satisfactorily* pursuing a *full-time* course of instruction" as is required by Section 456(i) and 32 CFR § 1622.25(d). It is clear that Moses was not statutorily entitled to a student deferment based on the information possessed by the local board at the time his rescheduled induction order was issued. Any error therefore committed by the board's Executive Secretary in not submitting what little information she had to the entire board was harmless. See United States v. Jackson, supra; Batiste v. United States, 5 Cir. 1969, 409 F.2d 910.

Nor may Moses cure this dearth. of information by a later presentation of additional facts before a court of law. By failing to inform his local board of the facts necessary for it to ascertain whether he was eligible for student deferment, Moses failed to exhaust his administrative remedies. This failure bars Moses' later assertion of entitlement because it jeopardizes the legitimate government interest "in full administrative fact gathering and utilization of agency expertise." McGee v. United States, 1971, 402 U.S. 479, 486, 91 S.Ct. 1565, 1569, 29 L.Ed.2d 47. See McKart v. United States, 1969, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194; DuVernay v. United States, 5 Cir. 1968, 394 F.2d 979, aff'd by equally divided Supreme Court, 1969, 394 U.S. 309, 89 S.Ct. 1186, 22 L.Ed.2d 306. As this Court stated in United States v. McDuffie, 5 Cir. 1971, 443 F.2d 1163, 1165:

" 'We would frustrate administration of the Selective Service System by permitting a registrant first to stand aloof from the process designed to bring such possibly determinative facts to light * * * and then to challenge the firmness of the factual foundation for his draft board's discretionary actions.' United States v. Houston, 433 F.2d 939 (2d Cir. 1970)." Affirmed.